WALTER A. MUHR, Respondent, *v.* BENJAMIN KALMANSON, Appellant.

Supreme Court, Appellate Term, First Department, February 12, 1925.

Sales — action for purchase price of shipment of poultry made by plaintiff in response to defendant's circular letter to trade reciting range of market prices for day letter was dated — poultry, damaged in transit, arrived at destination eighteen days after quotation of prices and sold at market price for poultry in such condition — circular letter deemed offer to buy at current market price of day of arrival of poultry — parties intended title should pass at place of destination within meaning of Personal Property Law, § 100, subd. 5, and § 127 — shipper liable for risk of damage to poultry — basis of recovery by shipper is market price on day of arrival.

A circular letter to the trade wherein the defendant invited shipments of poultry and recited the range of market prices for the day the letter was dated, will be deemed an offer to buy at the current market price on the day of the arrival of the poultry at the destination, where it appears that in response to said letter, plaintiff, in Nebraska, shipped a quantity of turkeys thirteen days after the date of defendant's letter; that the shipment arrived five days thereafter in a damaged condition; and that the poultry was sold at the then market price for poultry in that condition.

The circular letter, within the provisions of subdivision 5 of section 100 and section 127 of the Personal Property Law, should be construed as indicating an intention of the parties that title should pass at the place of destination of the shipment, and that the risk of damage to the goods in transit should fall primarily upon the shipper.

Accordingly, in an action for the value of the shipment, the basis of the recovery is the market price of the poultry on the day of its arrival in a damaged condition.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of plaintiff, after a trial by a judge without a jury.

*Lesser & Lesser* [*Harry Lesser* of counsel], for the appellant.

*Wilber, Norman & Kahn* [*Hugart F. Norman* of counsel], for the respondent.

PER CURIAM:

Defendant, a wholesale dealer in poultry, located in the city of New York, sent a circular letter to the trade, dated November 28, 1922, in which he explained that he would like to receive a trial shipment from the addressees, gave the range of market prices for that day, and concluded with reference as to his standing. Plaintiff in Nebraska received one of these letters and thereupon made up a shipment of some 800 pounds of fresh killed turkeys which he sent to defendant with a draft attached to the express receipt. The shipment was made on December 11, 1922, and the draft is so dated. The merchandise reached New York about the sixteenth of December and on that day was accepted by defendant who signed the express receipt noting the fact that the turkeys were in bad condition. They were sold at the then market price for poultry in that condition — which was a small proportion of the amount of the draft, and the draft when presented was dishonored.

Upon this state of facts plaintiff claims that a contract of sale was entered into on December eleventh at the prices quoted in the circular. The learned trial court interpreted the circular letter as an offer to buy at the prices mentioned. There is no indication, however, that the price quoted as the day's market price on November twenty-eighth was intended to continue as the basis of a purchase, and even if it were so construed, the price is only given in approximate figures, which are too indefinite. The circular indicates that a purchase took place in New York on December sixteenth, the date of delivery, at the current market price of that day in New York.

Construing the circular in the light of subdivision 1 of section 127 and rule 5 of section 100 of the Personal Property Law, we think that it was the intention of the parties that title should pass in New York and the risk of damage to the goods in transit was primarily upon the plaintiff. Since the latter did not challenge the accuracy of defendant's testimony in regard to the market price here on December sixteenth, there was no basis for a judgment in his favor except for $102.24, which had been tendered into court by defendant as the amount for which the goods were sold.

Judgment modified by reducing it to the sum of $102.24, with interest and costs, and as so modified affirmed, with $25 costs to appellant; costs of appeal to be set off against the judgment.

All concur; present, BIJUR, MULLAN and COTILLO, JJ.