Stuart ZIGLIN, Appellant,

v.

PLAYERS MH, L.P., d/b/a Player's
Island Casino, Respondent.

No. ED 77879.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 30, 2001.

Joseph J. Porzenski, St. Charles, MO, for appellant.

Henry T. Herschel, Jefferson City, MO, for respondents.

Before ROBERT G. DOWD, Jr., P.J., MARY RHODES RUSSELL and RICHARD B. TEITELMAN, JJ.

1. "Card counting" is the ability to remember the number of high value cards that have been dealt by the dealer, which enhances one's probability of winning because he can identify when an unusually large number of high value cards remain in the dealing shoe.

## PER CURIAM.

Stuart Ziglin ("Patron") appeals from a summary judgment granted by the trial court in favor of Players MH, L.P., d/b/a Player's Island Casino ("Casino"), on his suit alleging breach of contract, a violation of the Unlawful Merchandising Act, negligent misrepresentation, and fraudulent misrepresentation. We affirm in that we find no material facts in dispute and that Casino is entitled to judgment as a matter of law.

Patron contends that Casino, through its advertising and offering of the game of blackjack, offered a contract to him as a member of the general public to play blackjack. Patron maintains that he accepted Casino's offer and entered into a binding contract when he entered Casino and attempted to place a bet at the blackjack table.

When Patron attempted to place his bet, he was approached by a Casino employee who suspected him of "counting cards." [1] The employee informed him that he was not allowed to play blackjack, but could play any other game at Casino. Patron was never previously notified that "card counters" may be excluded from playing blackjack.

Patron filed a petition for damages against Casino alleging breach of contract, a violation of the Unlawful Merchandising Act, negligent misrepresentation, and fraudulent misrepresentation. Casino moved for summary judgment on all four counts. Following arguments on the motion, the trial court granted summary judgment in favor of Casino and dismissed Patron's causes of action with prejudice. Patron now appeals.

The standard of review for a summary judgment is essentially *de novo* because the propriety of summary judgment

*Campione v. Adamar of New Jersey, Inc.,* 155 N.J. 245, 714 A.2d 299, 301 (1998). Patron admits that he has the ability to "count cards." The parties have not cited any regulation in Missouri prohibiting "card counting."

is purely a matter of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, and we accord the non-moving party the benefit of all reasonable inferences from the record. *Id.*

The moving party bears the burden of proving that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *Id.* A "defending" party may establish a right to judgment by showing: (1) facts that negate any one of the elements of claimant's cause of action; (2) that the non-movant, after an adequate time for discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381.

Once a prima facie case has been made for summary judgment, the non-movant must then show by affidavit, depositions, answers to interrogatories, or admissions on file that one or more of the material facts shown by the movant to be undisputed is, in fact, genuinely disputed. *Id.* Thus, the non-movant cannot simply rest on his or her pleadings to survive summary judgment. *Id.* A genuine dispute exists where the record contains competent materials which evidence two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. A genuine dispute must be real and substantial, not argumentative, imaginary, or frivolous. *Id.*

In his first point, Patron argues that the trial court erred in granting Casino's motion for summary judgment on his breach of contract claim. Patron claims there are genuine issues of material fact as to whether Casino's advertisements and offering of blackjack constituted an offer

for a unilateral or bilateral contract that Patron was empowered to accept.

Ordinarily, advertisements in general language that are made available to all persons interested in a particular trade or business are not offers that become contracts once any person signifies his acceptance. *Osage Homestead, Inc. v. Sutphin,* 657 S.W.2d 346, 352 (Mo.App.1983) (citations omitted). Rather, such advertisements are considered mere invitations to make an offer, to enter into negotiations, or to patronize the advertiser's place of business. *Id.;* 17A Am.Jur.2d Contracts Section 46 (1991). No one can reasonably regard them otherwise unless the circumstances are exceptional and the words used are very plain and clear. *Sutphin,* 657 S.W.2d at 352 (citations omitted).

Whether an advertisement constitutes an offer, the acceptance of which will constitute a contract, depends upon the facts and circumstances in each case. *Id.* at 351. Generally, the most important factor is whether the advertiser intended his advertisement to be an offer. *Id.* at 351–52. It is also useful to inquire "whether the person to whom the manifestation was made might reasonably have supposed that by acting in accordance with it a contract could be created." 1 Richard A. Lord, Williston on Contracts Section 4:7 (4th ed. 1990). Other factors include the definiteness and certainty of the language of the advertisement. *Sutphin,* 657 S.W.2d at 352. Clarity, definiteness, and completeness militate in favor of a construction that the advertisement is an offer, while indefiniteness negates such a construction. 17A Am.Jur.2d Contracts Section 46 (1991). For an advertisement to constitute an offer, "there must ordinarily be some language of commitment or some invitation to take action without further communication." Restatement (Second) of Contracts Section 26 (1981).

We find that Casino's advertisements and offering of blackjack were insufficient to constitute an offer that Patron was em-

powered to accept. The advertisements invited persons to come to Casino, described the rules of blackjack, suggested strategies for playing blackjack, informed customers of variations in the game, notified customers of upcoming tournaments, outlined the services and accommodations available at Casino, described the atmosphere inside Casino, discussed possible prizes, announced past winners, and notified customers of various Casino policies.

The advertisements were not specific, definite, or certain, and could not reasonably be construed as offers. Rather, the advertisements were merely invitations to make an offer, to enter into negotiations, or to patronize Casino. Because there was no offer, there could be neither an acceptance nor a breach of contract. Thus, the trial court did not err in granting summary judgment on Patron's breach of contract claim. Point denied.

■ In his second point, Patron states that the trial court erred in granting Casino's motion for summary judgment on his claim that Casino violated the Unlawful Merchandising Act. Section 407.010 et seq., RSMo 1994.[2]

■ Section 407.025.1 of the Act provides in pertinent part:

Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action ... to recover actual damages.

The language of this section is plain and unambiguous. *Jackson v. Charlie's Chevrolet, Inc.*, 664 S.W.2d 675, 677 (Mo.App. 1984). "A private cause of action is given only to one who purchases and suffers damage. One who attempts to purchase, but who never receives the goods or services nor pays anything of value cannot be said to have suffered damage by reason of any unlawful practice." *Id.*

Patron has cited no authority for the proposition that placing a bet constitutes a purchase within the meaning of the Act. Further, it is undisputed that Patron's bet was not accepted on the occasion in question. Patron's attempt to place a bet is insufficient to state a cause of action under Section 407.025. *See Jackson,* 664 S.W.2d at 677. Point denied.

■ In his third point, Patron complains that the trial court erred in granting Casino's motion for summary judgment on his negligent misrepresentation claim. Patron claims there is a genuine issue of material fact as to whether Casino negligently failed to inform him that "card counters" may be excluded from playing blackjack.

■ To make a submissible case for negligent misrepresentation, Patron was required to provide evidence that: (1) Casino supplied or omitted information in the course of its business; (2) because Casino failed to exercise reasonable care, the information was false; (3) the information was provided by Casino to Patron in a particular business transaction; and (4) Patron relied on the information and thereby suffered a pecuniary loss. *See B.L. Jet Sales, Inc. v. Alton Packaging Corp.,* 724 S.W.2d 669, 672 (Mo.App.1987).

Patron has failed to satisfy the third element of this cause of action. He has not provided evidence that the information Casino failed to disclose related to a particular business transaction. On the occasion in question, there was no transaction. When Patron attempted to place his bet, he was informed that he could not play blackjack.

■ Strict privity of contract is not essential to a negligent misrepresentation claim when the defendant knows that a third party is relying on a particular business transaction. *See AAA Excavating,*

2. All further statutory references are to RSMo 1994.

Inc. v. Francis Constr., Inc., 678 S.W.2d 889, 893 (Mo.App.1984); *Chubb Group of Ins. Cos. v. C.F. Murphy & Assocs., Inc.,* 656 S.W.2d 766, 784 (Mo.App.1983). No such situation exists here. Point denied.

In his fourth point, Patron claims that the trial court erred in granting summary judgment in favor of Casino on his claim for fraudulent misrepresentation. Patron claims that there is a genuine issue of material fact as to whether Casino fraudulently failed to disclose that "card counters" may be excluded from playing blackjack.

The elements of a submissible case of fraudulent misrepresentation are: (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of its falsity; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Murray v. Crank,* 945 S.W.2d 28, 31 (Mo.App.1997).

An affirmative representation is not required for actionable fraud to exist. *Id.* An omission may be considered a misrepresentation if the silent party has a duty to speak. *Id.* Such a legal duty may arise from a relationship of trust or confidence, an inequality of condition, or superior knowledge that is not reasonably available to the other party. *VanBooven v. Smull,* 938 S.W.2d 324, 328 (Mo.App.1997).

Patron failed to demonstrate that Casino had a legal duty to disclose that "card counters" may be excluded from playing blackjack. While Casino had superior knowledge of its views on "card counting," Patron made no showing that he could not

discover the information through the use of reasonable means. Point denied.

The summary judgment is affirmed.