Rakesh K. KAUL, Plaintiff–Counter–
Defendant–Appellant–Cross–
Appellee,

v.

HANOVER DIRECT, INC., Defendant-
Counter-Claimant-Appellee-Cross-
Appellant.

Docket No. 04–4410, 04–4660.

United States Court of Appeals,
Second Circuit.

June 28, 2005.

Glenn M. Kurtz, White & Case, LLP, New York, N.Y. (M. Victoria Bayoneto, on the brief), for Plaintiff–Counter–Defendant–Appellant–Cross–Appellee.

John W. McConnell, Wachtel & Masyr, LLP, New York, NY, for Defendant–Counter–Claimant–Appellee–Cross–Appellant.

Present: MINER, CALABRESI, Circuit Judges, and KEENAN,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Rakesh K. Kaul ("Kaul") sued his former employer, Hanover Direct, Inc. ("HDI"), in connection with the termination of his employment. Kaul's com-

---

* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

plaint was originally filed in New York state court, but HDI removed the case to federal district court because some of Kaul's claims arose under an employee benefit plan within the meaning of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Kaul now appeals the district court's grant of HDI's motion for summary judgment. He asserts that the district court erred in rejecting his breach of contract claims for a) nonpayment of a severance package, b) nonpayment of a bonus under HDI's Long–Term Incentive Plan ("LTIP"), and c) nonpayment of legal fees.[1] We assume familiarity with the facts, the procedural history, and the issues on appeal.

■ We affirm on substantially the grounds given by the district court. Kaul forfeited his right to the severance package by failing to execute a general release in favor of HDI as required, as a condition precedent to receiving severance benefits, by his employment agreement. With respect to Kaul's claim to a bonus, we hold that Kaul gave up his right to a bonus under the LTIP when he tendered his shares of HDI common stock to his former employer. We so hold because we find the language of the LTIP to be unmistakably clear: The amount of bonus to be paid was directly pegged to the outstanding balance on a note held by HDI. When Kaul surrendered his shares in satisfaction of that note, no balance remained, and so no bonus was due.

■ Kaul also claims reimbursement by HDI for the legal expenses incurred in the course of this litigation. Kaul's employment agreement provides that HDI will pay Kaul's reasonable legal fees if Kaul must seek legal counsel to enforce any of his rights under the agreement, and does so regardless of whether Kaul is the prevailing party.[2] HDI expressly offered Kaul his full severance package in exchange for a general release. Kaul declined the offer and sued. Since Kaul would have received his full severance package had he simply signed the release as required by his employment agreement, it was not necessary, and hence unreasonable, for him to resort to litigation.

We have considered all of Kaul's contentions and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. Kaul raised several other claims that were either dismissed by the district court on summary judgment or settled by the parties. Kaul appeals only from the dismissal of these three breach of contract claims.

2. Significantly, the employment agreement does not provide a right to the reimbursement of legal fees incurred enforcing other agreements, such as the LTIP.