■ DIANE CARILLO, Appellant, v STONY BROOK UNIVERSITY et al., Respondents. [987 NYS2d 868]—

In an action to recover damages for violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martin J.), dated March 18, 2013, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action is denied.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be

construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Hense v Baxter*, 79 AD3d 814 [2010]; *Castaldi v 39 Winfield Assoc.*, 30 AD3d 458 [2006]). A cause of action based upon Labor Law § 740, commonly known as the "whistleblower statute," is available " 'to an employee who discloses or threatens to disclose an employer activity or practice which (1) is in violation of a law, rule or regulation, and (2) creates a substantial and specific danger to the public health' " (*Pipia v Nassau County*, 34 AD3d 664, 665 [2006], quoting *Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d 588, 589 [1990]; *see* Labor Law § 740 [2] [a]; *Bordell v General Elec. Co.*, 88 NY2d 869 [1996]). "However, for pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber v Community Action for Human Servs.*, 23 NY3d 448, 453 [2014]).

Here, the complaint alleged, inter alia, that the plaintiff was terminated from her position at Stony Brook University Medical Center after she complained to her superiors about certain conduct which the defendants engaged in or tolerated. It further alleged that such conduct violated various laws or rules or regulations, and threatened public health (*see* Labor Law § 740 [2] [a]). Although the complaint did not specify any particular law, rule or regulation which the defendants allegedly violated, it sufficiently identified the complained-of conduct by the defendants and provided them with notice thereof. Therefore, the failure to specify in the complaint any law, rule, or regulation was not fatal to pleading a viable cause of action pursuant to Labor Law § 740 (*see id.*). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action should have been denied. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.