■ HAMPSHIRE PROPERTIES, Respondent, v BTA BUILDING AND DEVELOPING, INC., Appellant, and WORLD-WIDE PLUMBING SUPPLY, INC., Respondent, et al., Defendant. [996 NYS2d 129]—

In an action, inter alia, to recover damages for breach of contract, the defendant BTA Building and Developing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated April 26, 2013, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences" (*Carillo v Stony Brook Univ.*, 119 AD3d 508, 508-509 [2014]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88). "The test of the sufficiency of a pleading is 'whether it gives sufficient notice of the transaction, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments' " (*V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 723 [2013] [internal quotation marks omitted], quoting *Pace v Perk*, 81 AD2d 444, 449 [1981]).

Applying these principles to this case, the amended complaint, as supplemented by the affidavit of the plaintiff's vice president, adequately alleges all of the essential elements of a cause of action to recover damages for breach of contract: the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]).

Moreover, the affidavit submitted by the appellant "failed to demonstrate that any fact alleged in the complaint was undisputably not a fact at all" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a)

(7) to dismiss the second cause of action, which was to recover damages for breach of contract, insofar as asserted against it. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.