■ ROBINSON ULYSSE, Appellant, v AAR AIRCRAFT COMPONENT SERVICES et al., Respondents. [10 NYS3d 309]—

In an action to recover damages for violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 17, 2013, which granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against the defendants AAR Aircraft Component Services, AAR Parts Trading, Inc., AAR Aircraft & Engine Group, Inc., AAR Aviation Trading, Inc., and AAR Allen Aircraft Corp., and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff was employed as an aircraft mechanic by the defendants AAR Aircraft Component Services, AAR Parts Trading, Inc., AAR Aircraft & Engine Group, Inc., AAR Aviation Trading, Inc., and AAR Allen Aircraft Corp. (hereinafter collectively the corporate defendants). After the plaintiff's employment was terminated, he commenced the instant action against the corporate defendants and three of his former supervisors (hereinafter collectively the individual defendants), to recover damages for violation of Labor Law § 740.

A cause of action based upon Labor Law § 740, commonly known as the "whistleblower statute," is available to an employee who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]; *see Bordell v General Elec. Co.*, 88 NY2d 869, 870 [1996]; *Carillo v Stony Brook Univ.*, 119 AD3d 508, 509 [2014]; *Pipia v Nassau County*, 34 AD3d 664, 665 [2006]). On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations

deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Here, the amended complaint alleged, inter alia, that the plaintiff's employment with the corporate defendants was terminated after he complained to the individual defendants and the human resources department about certain activities and practices which the corporate defendants engaged in or tolerated. It further alleged that such conduct violated various laws or rules or regulations, and threatened public safety. Notably, "for pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 453 [2014]). In this case, the amended complaint sufficiently states a cause of action to recover damages under Labor Law § 740 against the corporate defendants and should not have been dismissed insofar as asserted against them (*see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d at 453; *Carillo v Stony Brook Univ.*, 119 AD3d at 509). However, the complaint was properly dismissed insofar as asserted against the individual defendants, as they are not employers under the statute (*see* Labor Law § 740 [1] [a], [b], [f]).

The defendants' remaining contention is without merit. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.