■ FRANK STORTINI, Appellant, v JOHN POLLIS et al., Respondents. [31 NYS3d 90]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 16, 2015, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged, among other things, that he and the defendant John Pollis were equal members in the defendant Knollwood Commons at Red Hook, LLC (hereinafter Knollwood Commons), which was in the business of purchasing and developing commercial and residential projects. The plaintiff contributed construction management expertise, and Pollis contributed financing expertise. The plaintiff and Pollis also were equal members in two other LLCs, Knollwood Properties, LLC, and Knollwood Properties II, LLC, in which they shared ownership interests, profits, and decision-making responsibilities. From 2010 to 2013, Knollwood Properties, LLC, and Knollwood Properties II, LLC, experienced financial difficulties, which resulted in a foreclosure on a mortgage securing a residential project owned by Knollwood Commons. On May 15, 2012, the plaintiff went to Pollis's office to sign documents needed to obtain necessary financing. The documents included an operating agreement and a first amendment to operating agreement. The operating agreement provided that it was effective "as of March 15, 2005." These documents were identified by an employee of Pollis as "common, basic documents in order for the financing to proceed."

The plaintiff commenced this action against Pollis and Knollwood Commons to recover damages for fraud and breach of fiduciary duty, and for an accounting. The complaint alleged,

among other things, that, unbeknownst to him, the operating agreement gave Pollis complete control over all business matters of Knollwood Commons. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.

" 'On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (*Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d 573, 573 [2014], quoting *Carillo v Stony Brook Univ.*, 119 AD3d 508, 508-509 [2014]). " 'In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d at 573, quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]).

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Each of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b) (*see JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 579 [2014]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). Here, the complaint, as supplemented by the plaintiff's affidavit in opposition, does not contain any allegations setting forth any material misrepresentations the defendants made to the plaintiff. Moreover, the plaintiff's averment that he did not read the documents before signing them prevents him from establishing justifiable reliance, an essential element of fraud (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 266 [2008]). "A party who signs a document without any valid excuse for not having read it is 'conclusively bound' by its terms" (*Ferrarella v Godt*, 131 AD3d 563, 567-568 [2015], quoting *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11 [1988]; *see Sorenson v Bridge Capital Corp.*, 52 AD3d at 266; *Sofio v Hughes*, 162 AD2d 518, 519 [1990]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging fraud.

"The elements of a cause of action to recover damages for

breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]; *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]). " 'A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b)' " (*Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660, quoting *Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]). Here, even accepting that Pollis had a fiduciary duty to the plaintiff as a co-member of Knollwood Commons (*see Jones v Voskresenskaya*, 125 AD3d 532 [2015]; *Chiu v Man Choi Chiu*, 71 AD3d 621 [2010]; *Salm v Feldstein*, 20 AD3d 469, 470 [2005]; *see also Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d at 808), the Supreme Court properly determined that the complaint failed to allege factual details and circumstances of the defendants' alleged misconduct, and how such misconduct induced the plaintiff to sign the documents (*see* CPLR 3016 [b]; *see also Colello v Colello*, 9 AD3d 855, 859 [2004]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty.

Since the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty, it also properly granted that branch of their motion which was to dismiss the cause of action seeking an accounting (*see Dee v Rakower*, 112 AD3d 204, 214 [2013]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency*, 297 AD2d 430, 432 [2002]; *cf. Lawrence v Kennedy*, 95 AD3d 955, 958 [2012]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.