■ Cash on the Spot ATM Services, LLC, et al., Appellants, v Cosmo Camia et al., Defendants, and Payment Alliance International, Inc., et al., Respondents. [43 NYS3d 361]—

In an action, inter alia, to set aside an alleged fraudulent conveyance and to recover damages for tortious interference with contract, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Richmond County (Straniere, J.), dated April 29, 2014, as granted that branch of the motion of the defendants E-Z Money ATM Services, Corp., and Frank Ercole which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging fraudulent conveyance, (2) from an order of the same court, also dated April 29, 2014, which granted the motion of the defendant Payment Alliance International, Inc., pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it, (3) from an order of the same court dated September 17, 2014, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their opposition to the motion of the defendant Payment Alliance International, Inc., and (4), as limited by their brief, from so much of an order of the same court dated September 23, 2014, as, upon reargument, inter alia, granted that branch of the prior motion of the defendants E-Z Money ATM Services, Corp., and Frank Ercole which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging tortious interference with contract.

Ordered that the first order dated April 29, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the second order dated April 29, 2014, is affirmed; and it is further,

Ordered that the appeal from the order dated September 17, 2014, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 23, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Ronald P. Carroccio was an owner of the plaintiff Cash on the Spot ATM Services, LLC (hereinafter COTS). COTS was in the business of operating a network of ATMs located at various businesses. Carroccio and COTS commenced this action against the defendant Cosmo Camia, who

was also an owner of COTS, and several others, alleging that they were responsible for looting the company. Insofar as asserted against the defendants E-Z Money ATM Services, Corp., and Frank Ercole (hereinafter together the E-Z Money defendants), the amended complaint asserted causes of action to set aside an alleged fraudulent conveyance of ATMs to them and to recover damages for tortious interference with contract. Insofar as asserted against the defendant Payment Alliance International, Inc. (hereinafter PAI), the amended complaint asserted a cause of action alleging breach of fiduciary duty. The E-Z Money defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them, and PAI separately moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it. The Supreme Court granted PAI's motion, granted that branch of the E-Z Money defendants' motion which was to dismiss the fraudulent conveyance cause of action, and, upon reargument, granted that branch of the E-Z Money defendants' motion which was to dismiss the tortious interference with contract cause of action. The plaintiffs appeal.

In determining a motion to dismiss a complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]), the court must read the complaint liberally and assume that the plaintiffs' allegations are true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703 [2008]).

In the amended complaint, the plaintiffs failed to state a cause of action alleging fraudulent conveyance. CPLR 3016 (b) sets forth heightened particularity requirements for pleading causes of action or defenses based on fraud or mistake. That subsection provides that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). The plaintiffs' allegations under Debtor and Creditor Law § 276 were not pleaded with sufficient particularity to satisfy CPLR 3016 (b) (*cf. Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149-150 [2009]; *Marine Midland Bank v Zurich Ins. Co.*, 263 AD2d 382, 382-383 [1999]). In addition, the plaintiffs failed to state a cause of action pursuant to Debtor and Creditor Law §§ 273, 273-a, 277 and 280. Therefore, the Supreme Court properly granted that branch of the E-Z Money defendants' motion which was to dismiss the fraudulent conveyance cause of action.

Further, upon reargument, the Supreme Court correctly granted that branch of the E-Z Money defendants' motion

which was to dismiss the cause of action alleging tortious interference with contract. The elements of tortious interference with contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *see Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 679 [2009]). Here, the amended complaint did not identify the contract or contracts that were allegedly interfered with. Thus, the plaintiffs failed to state a cause of action alleging tortious interference with contract.

Moreover, the Supreme Court properly granted PAI's motion to dismiss the amended complaint insofar as asserted against it. Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Bodden v Kean*, 86 AD3d 524 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010]). " 'The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct' " (*Stortini v Pollis*, 138 AD3d 977, 978-979 [2016], quoting *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]; *see Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]). A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b) (*see Stortini v Pollis*, 138 AD3d at 979; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660; *Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]). Here, the allegations in the amended complaint and the evidentiary material submitted by PAI established that PAI did not have a fiduciary relationship with the plaintiffs.

With regard to the order dated September 17, 2014, the plaintiffs' motion, which was denominated as one for leave to renew and reargue their opposition to PAI's motion, was not based on new facts (*see* CPLR 2221 [e]). Thus, the motion was, in actuality, a motion for leave to reargue, the denial of which is not appealable (*see Diller v Munzer*, 141 AD3d 630, 631

[2016]; *Finch v Dake Bros., Inc.*, 139 AD3d 1001, 1002 [2016]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.