■ CARLOS E. RUIZ, M.D., Ph.D, Respondent-Appellant, v LENOX HILL HOSPITAL et al., Appellants-Respondents. [45 NYS3d 427]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about April 4, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss insofar as they sought to dismiss the Labor Law §§ 740 and 741 causes of action, and granted the motion to dismiss insofar as defendants sought dismissal of the declaratory judgment cause of action, unanimously modified, on the law, to grant the motion to dismiss the Labor Law causes of action as against defendant Dr. S. Jacob Scheinerman, and to declare on the declaratory judgment cause of action that plaintiff is not entitled to the severance package set forth in his employment contract or severance agreement unless he executes a general release, and otherwise affirmed, without costs.

Plaintiff alleges that, as soon as he took over as Chair of defendant Lenox Hill Hospital's Department of Cardiovascular and Thoracic Surgery, Dr. Scheinerman began signing medical procedure reports for procedures which he had neither performed nor witnessed, contrary to the usual practice of having the performing physicians sign those reports. Plaintiff also alleges that, contrary to accepted postoperative protocol that the lead surgeon report the results of a surgical procedure to the patient's family, Dr. Scheinerman reported the results of a valve implant procedure on which plaintiff had been the lead surgeon. Plaintiff reported Dr. Scheinerman's actions to Lenox Hill's human resources department, and he alleges that, because of that report, he was terminated.

Liberally construing the complaint, presuming its factual allegations to be true, and giving the allegations every favorable inference, as we must on a CPLR 3211 motion to dismiss (see *Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 453 [2014]; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]), plaintiff has adequately pleaded a claim for retaliatory termination in violation of Labor Law § 740 as against the hospital and corporate defendants. Defendants' contention that plaintiff has failed to

sufficiently allege facts constituting a specific or substantial danger to public health is without merit. Falsification of medical records, including a physician's false claim to have performed a procedure, has been held to establish a violation of section 740 (*see Kraus v New Rochelle Hosp. Med. Ctr.*, 216 AD2d 360, 361-365 [2d Dept 1995], *lv dismissed* 86 NY2d 885 [1995]).

Plaintiff also adequately stated a claim under Labor Law § 741 as against the hospital and corporate defendants. At this early juncture, it is too soon to decide whether reports to a patient's family constitute improper care of the patient himself (*see Von Maack v Wyckoff Hgts. Med. Ctr.*, 140 AD3d 1055, 1057-1058 [2d Dept 2016]). As with his claim under Labor Law § 740 (*see Webb-Weber*, 23 NY3d at 453), plaintiff need not identify the specific rule that had been violated (*see Blashka v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr.*, 126 AD3d 503, 503 [1st Dept 2015]). Moreover, plaintiff need only allege, for his Labor Law § 741 claim, that he reasonably believed that there had been such a violation, not that there was an actual violation (*see Pipia v Nassau County*, 34 AD3d 664, 666 [2d Dept 2006]).

The motion court should have dismissed the Labor Law claims as against Dr. Scheinerman individually, since he is not an "employer" within the meaning of Labor Law §§ 740 and 741 (*see Ulysse v AAR Aircraft Component Servs.*, 128 AD3d 1053, 1054 [2d Dept 2015]; *Geldzahler v New York Med. Coll.*, 746 F Supp 2d 618, 632 [SD NY 2010]).

The motion court correctly determined the plaintiff is not entitled to a severance payment under his employment contract or severance agreement unless he executes the general release provided in the severance agreement (*see Kaul v Hanover Direct, Inc.*, 148 Fed Appx 7, 9 [2d Cir 2005]; *Mullinix v Mount Sinai Sch. of Med.*, 2015 WL 328050, *2, 2015 US Dist LEXIS 7965, *5 [SD NY, Jan. 23, 2015, No. 12-cv-8659(PKC)]). Rather than dismiss the declaratory judgment cause of action, however, the court should have declared in defendants' favor (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]; *Allstate Ins. Co. v Pierre*, 123 AD3d 618, 619 [1st Dept 2014]). Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.