OPINION OF THE COURT
Frederick A. Larson, J.
Facts
What may be a question of first impression is whether an advertisement for employment, responded to by a person who is in fact hired, and in the absence of any other agreement as to the terms of employment, results in the complete terms of employment.
The credible testimony at the hearing revealed that the defendant, a used car dealer headquartered in Dunkirk, NY, opened a used car lot in Olean, NY. The defendant thereafter placed an advertisement seeking an “Auto Sales Finance Manager” for its used car sales business in Olean. The advertisement stated the following:
“High volume used car dealership in Olean, NY is looking to hire an experienced finance manager. Individual must be able to sell all products as well as handle all prime and sub-prime deals. Candidate must have at least one year of auto dealership finance experience or currently be a peak-performing salesperson. Must have excellent working knowledge of computers, professional appearance, utmost ethics, and a squeaky clean background. Our dealership will produce peak sales and we will expect nothing less from you. Please respond to this ad, as we are looking to fill this position immediately. Top pay, health benefits including insurance, car allowance, gas allowance, vacation, bonuses, as well as other perks and amenities.
“Job TVpe: Full Time
“Salary: $90,000/year
“Required Education: High School or equivalent”
The plaintiff responded to the advertisement, and stated that she would take the job. The defendant hired her, and the plaintiff immediately began working for the defendant. At the *261 end of a two week period, the plaintiff inquired about the status of her paycheck for the November 18, 2016 to December 3, 2016 pay period. As of December 9, 2016, the defendant had not tendered any payment to the plaintiff for her two weeks of employment. The plaintiff declined to accept any terms of employment that did not conform to the advertisement and plaintiff thereafter terminated the employment.
Larry Space Jr., on behalf of the defendant, testified at the hearing that a $90,000 annual salary was never intended. The defendant suggested in his testimony that a salary roughly equivalent to the New York State mandated minimum wage with the added possibility of commission was envisioned. No evidence of a written employment contract was offered at the hearing. No credible evidence of any discussion of the modification of the published salary offer was presented at the hearing. The court is well aware that the plaintiff was an “employee at will.” The defendant, however, did not attempt to change the terms of employment set forth in the advertisement until after the plaintiff completed her two weeks of employment.
Discussion
A hearing was held in small claims court. Pursuant to UCCA 1802 the court is to provide litigants with a simple, informal, and inexpensive procedure for the prompt determination of claims. The court is to conduct hearings upon small claims in such manner as to do substantial justice between the parties without being bound by statutory provisions or rules of practice, procedure, pleading, or evidence. The court is however bound to act in accordance with the rules and principles of substantive law. (See Stavrou v Wells Fargo Bank, N.A., 2016 NY Slip Op 30336[U] [2016], citing Williams v Roper, 269 AD2d 125, 126 [1st Dept 2000], UCCA 1804, Milsner v McGahon, 20 Misc 3d 127[A], 2008 NY Slip Op 51268[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008], and Basler v M & S Masonry & Constr., Inc., 21 Misc 3d 137[A], 2008 NY Slip Op 52295[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008].)
The court, as the trier of fact in small claims hearings, makes credibility determinations regarding the testimony of the parties and the evidence presented. The trial court has the opportunity to hear witnesses and observe their demeanor during testimony and to weigh the evidence. (Stavrou v Wells Fargo Bank, N.A.)
The court is bound to render a substantially just decision that comports with the substantive law of contracts. In order *262 for the plaintiff to prevail on a cause of action for breach of contract, the plaintiff must prove (1) the existence of a contract, (2) the plaintiff’s performance under the contract, (3) the defendant’s breach of the contract, and (4) resulting damages. (See Stavrou v Wells Fargo Bank, N.A., 2016 NY Slip Op 30336 [U] [2016], citing Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573 [2d Dept 2014], VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 58 [1st Dept 2013], and New York State Workers’ Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1153 [3d Dept 2014].)
The key question before this court is whether there is a binding contract. This court must determine whether (1) the defendant made an offer of employment at a salary of $90,000 annually, and (2) whether the defendant’s hiring of the plaintiff and the plaintiff’s performance in working for the defendant for two weeks constituted an acceptance of that offer and created a binding contract.
An advertisement may or may not constitute an offer the acceptance of which will consummate a contract. (See generally Graves v Northern N.Y. Publ. Co., Inc., 260 App Div 900 [4th Dept 1940].) The issue turns on the particular facts and circumstances of each case. It is quite possible to make a definite and operative offer by advertisement. However, it is not customary to do this and the presumption is the other way. (See Restatement [Second] of Contracts § 26, Comment b.)
There is a very narrow and limited exception to this rule, but it is rarely applied and only in exceptional circumstances where the advertisement clearly communicates an offer that is definite, explicit and leaves nothing open for negotiation. (Trell v American Assn. of Advancement of Science, 2007 WL 1500497, 2007 US Dist LEXIS 36942 [WD NY, May 21, 2007, No. 04-CV-0030E(Sr)]; see also Zanakis-Pico v Cutter Dodge, Inc., 98 Haw 309, 324, 47 P3d 1222, 1237 [2002]; Chang v First Colonial Sav. Bank, 242 Va 388, 391, 410 SE2d 928, 930 [1991]; Ziglin v Players MH, L.P., 36 SW3d 786, 789 [Mo Ct App 2001]; Osage Homestead, Inc. v Sutphin, 657 SW2d 346, 352 [Mo Ct App 1983].) An advertisement may be construed as an offer where the words used indicate that an offer was intended. The courts have emphasized the importance of the definiteness or certainty of the wording of an advertisement as a factor, holding generally that clarity, definiteness, and completeness supported the construction that the advertisement was an offer. In that circumstance, it constitutes an offer, acceptance of which will *263 complete the contract. (See Muhr v Kalmanson, 124 Misc 514 [1925].)
Here the advertised offer of employment, although concise, was definite in its terms with the promises and performances to be rendered by each party being reasonably certain. Where an advertisement describes the offer with its material terms the courts have deemed the advertisement sufficiently definite and certain to constitute an offer the acceptance of which would consummate a contract. An advertisement of a salary of $90,000 annually is definite, explicit, and leaves nothing open for negotiation. In order to ensure that substantial justice is served, the court will award the plaintiff $3,462, based on two weeks of employment at a $90,000 annual salary.
Decision
Therefore, based on the aforementioned legal analysis, and assessing the facts pursuant to UCCA 1802, requiring the court to render a decision that is substantially just, the court finds in favor of the plaintiff in the amount of $3,462, plus court costs.