■ Ann Behrle, Plaintiff, v Keith Behrle et al., as Coexecutors of Fred Behrle, Deceased, Defendants/Third-Party Plaintiffs-Respondents. James Noble, Third-Party Defendant-Appellant. [53 NYS3d 697]—

Appeal by the third-party defendant from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated January 21, 2015. The order, insofar as appealed from, denied the third-party defendant's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint or, in the alternative, for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint is granted.

The plaintiff commenced this action against her husband, Fred Behrle (hereinafter Fred), for a divorce and ancillary relief. Fred commenced a third-party action against the third-party defendant, James Noble, the plaintiff's son from a prior marriage, alleging that Noble breached a fiduciary duty to Fred by depleting the funds of a trust formed by the plaintiff and Fred. Noble moved pursuant to CPLR 3211 (a) to dismiss the third-party complaint or, in the alternative, for summary judgment dismissing the third-party complaint. The Supreme

Court denied the motion. Noble appeals. During the pendency of this appeal, Fred died, and Keith Behrle and Scott Behrle, as co-executors of his estate, were substituted for Fred on this appeal.

The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*see Stortini v Pollis*, 138 AD3d 977, 978-979 [2016]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]). Here, Noble established his prima facie entitlement to judgment as a matter of law dismissing the third-party complaint by submitting evidence demonstrating that he did not owe a fiduciary duty to Fred, as he was merely a beneficiary under the trust. In opposition, Fred failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Noble's motion which was for summary judgment dismissing the third-party complaint.

Noble's remaining contentions need not be reached in light of our determination. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.