■ ROSEMARIE PATTERSON, Appellant, v RICHARD CALOGERO et al., Respondents, et al., Defendant. [56 NYS3d 324]—

Appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated September 25, 2014. The order, insofar as appealed from, granted those branches of the defendant Richard Calogero's motion which were to dismiss the first, fourth, seventh, ninth, and tenth causes of action in the complaint insofar as asserted against him and granted those branches of the defendant Timothy Hogue's motion which were to dismiss the first, third, sixth, and tenth causes of action in the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Medical Recovery Collection Group, Inc. (hereinafter the corporation), is a New York corporation engaged in the business of medical billing for out-patient, no-fault, and workers' compensation cases on behalf of hospitals and health care providers. The plaintiff and the defendant Richard Calogero (hereinafter Calogero) each owned 50 shares of stock in the

corporation. In May 2008, the plaintiff and Calogero executed a stock purchase and severance agreement (hereinafter the agreement), pursuant to which the plaintiff resigned as an employee, officer, and director of the corporation, entered into a restrictive covenant, and sold her 50 shares of stock in the corporation to Calogero for the sum of $500,000. The plaintiff and Calogero also exchanged mutual general releases that were made part of the agreement. As relevant here, the general release executed by the plaintiff stated that she released Calogero and the corporation from "all actions, causes of action, suits, . . . controversies, . . . claims, and demands whatsoever, in law . . . or equity, [which the plaintiff] ever had, now [has] or hereinafter can, shall, or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world" to the date of the agreement.

In May 2010, the plaintiff commenced this action against, among others, Calogero and the defendant Timothy Hogue, inter alia, to recover damages for fraud. The plaintiff alleged that Hogue owned 50% or more of the shares of Hospital Receivables Systems, Inc. (hereinafter HRS), a business which provided medical billing and collection services to hospitals, and that Calogero and Hogue "engaged in a fraudulent scheme to hide and misappropriate revenue and income, in the amount of at least $1,936,373.13, and to reduce the book value of [the corporation], by diverting to . . . Calogero . . . , to the exclusion of [the corporation] and to the special and unique detriment of [the plaintiff], payments and funds owed to [the corporation] from HRS." The plaintiff alleged that Calogero was responsible for maintaining accurate records of the corporation's accounts and, as part of the scheme, he "intentionally and purposefully omitted from [the corporation's] accounts, books and records the aforesaid payments." She alleged that the omissions were intended to, and did, materially misrepresent the status of the corporation's true revenues, income, and book value, and fraudulently induce her to sell her interest in the corporation for less than its actual value.

Calogero and Hogue separately moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted both motions, and the plaintiff appeals.

The Supreme Court properly granted those branches of Calogero's motion which were pursuant to CPLR 3211 (a) (1) and (5) to dismiss the first, fourth, seventh, ninth, and tenth causes of action, seeking damages for fraud, breach of fiduciary duty, unjust enrichment, constructive trust, and tortious

interference with contract, respectively, insofar as asserted against him. The court properly determined that Calogero sufficiently established that the general release executed by the plaintiff was intended to cover these claims, and that the plaintiff failed to allege that the release was induced by a separate fraud from the subject of the release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Engel v Deutsche Bank Natl. Trust Co.*, 116 AD3d 915, 916-917 [2014]).

The Supreme Court also correctly granted those branches of Hogue's motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the first, third, sixth, and tenth causes of action, seeking damages for fraud, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and tortious interference with contract, respectively, insofar as asserted against him. Since the court properly dismissed the fraud and breach of fiduciary duty claims against Calogero, the causes of action against Hogue for aiding and abetting Calogero cannot be maintained (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 269 [2003]).

Further, the first cause of action alleges a wrong suffered directly by the corporation. Therefore, it is a derivative claim which the plaintiff may not bring in her individual capacity (*see Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Citibank v Plapinger*, 66 NY2d 90, 93 n [1985]; *Barbaro v Spinelli*, 121 AD3d 727, 728 [2014]). While the plaintiff contends that she alleged individual harm, even where an individual harm is claimed, if it is confused with or embedded in the harm to the corporation, it cannot separately stand (*see Serino v Lipper*, 123 AD3d 34, 40 [2014]). The fact that an individual closely affiliated with a corporation is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation (*see New Castle Siding Co. v Wolfson*, 97 AD2d 501, 502 [1983]).

Moreover, the fraud claim was properly dismissed insofar as asserted against Hogue for the additional reason that, while a cause of action for fraud may be predicated on acts of concealment, there must first be proven a duty to disclose material information (*see Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [2006]). Here, the plaintiff did not allege a relationship with Hogue requiring any duty to disclose, or allege that Hogue made any affirmative misrepresentations to her.

As to the tenth cause of action, the plaintiff failed to allege

the existence of a contract between herself and a third party, which is a required element of a cause of action alleging tortious interference with a contract (*see Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]; *Cash on the Spot ATM Servs., LLC v Camia*, 144 AD3d 961, 963 [2016]). Therefore, that cause of action was properly dismissed insofar as asserted against Hogue.

The plaintiff's contention that the Supreme Court should have granted her request for leave to amend her complaint, made in her papers filed in opposition to Calogero's and Hogue's motions, is not properly before this Court, as that issue was not addressed in the order appealed from (*see Matter of Catto v Howell*, 144 AD3d 1146, 1147 [2016]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 744 [2009]). Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.