Galeas v Socarras (2025 NY Slip Op 04236)

Galeas v Socarras

2025 NY Slip Op 04236

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-02005
 (Index No. 712775/19)

[*1]Simon Galeas, appellant,
v
Efrain Socarras, et al., respondents.

Simon Galeas, Astoria, NY, appellant pro se.
Phillips Nizer LLP, New York, NY (Michael S. Fischman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 23, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Simon Galeas, is the owner of Steinway Dental Laboratory, Inc. (hereinafter Steinway), a New York corporation engaged in the business of dental laboratory services. Priceless Dental Care, P.C. (hereinafter Priceless), is a Connecticut corporation owned by the defendant Efrain Socarras or the defendant Deepit Anand. Prior to the commencement of the instant action, Priceless commenced an action against Steinway in Connecticut (hereinafter the Connecticut action) to recover damages for, inter alia, breach of contract, alleging, among other things, that dental laboratory products provided by Steinway were defective. Priceless was represented by the defendant David N. Feliu in the Connecticut action. Steinway appeared in the Connecticut action, asserting various counterclaims.
In September 2019, the plaintiff commenced this action against the defendants, inter alia, to recover damages for fraud. The plaintiff alleged that Socarras was indebted to the plaintiff and that Socarras and Feliu commenced the Connecticut action knowing that the allegations therein were false. The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order entered January 23, 2020, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 88). "Generally, corporations have an existence separate and distinct from that of their shareholders" (New Castle Siding Co. v Wolfson, 97 AD2d 501, 502, affd 63 NY2d 782). "The fact that an [*2]individual closely affiliated with a corporation . . . is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation" (id.; see Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn., 58 AD2d 177). However, "[a]n individual action may be maintained where the injury alleged is to the plaintiff and recovery would go to the plaintiff" (Bibbo v Arvanitakis, 145 AD3d 657, 660; see Serino v Lipper, 123 AD3d 34, 39-40).
Here, while the plaintiff alleges individual harm, the allegations of the complaint arise out of identical allegations asserted in Steinway's counterclaims in the Connecticut action. As the plaintiff failed to allege harm that was separate and distinct from the alleged harm to Steinway, the plaintiff's claims were embedded in the alleged harm to Steinway and may not separately stand (see Patterson v Calogero, 150 AD3d 1131, 1133; Serino v Lipper, 123 AD3d 34).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The plaintiff's remaining contentions either need not be reached or are without merit.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court