■ HRL Union Avenue Corporation, Appellant, v New York City Housing Authority, Respondent. [636 NYS2d 792] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered January 31, 1995, which granted defendant New York City Housing Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court, in granting summary judgment in defendant's favor, properly determined that defendant did not anticipatorily breach the parties' contract by advising plaintiff that it would not have the funds necessary to close on April 15, 1987, the closing date projected by plaintiff. The record reveals that plaintiff failed to raise an issue of fact as to a clear and unequivocal intention by defendant not to perform or to abandon the contract, as would be required for a claim of anticipatory breach (*see, Tenavision, Inc. v Neuman*, 45 NY2d 145, 150). In any event, a mere delay in the receipt by defendant of the closing funds from HUD or a late payment does not constitute a refusal to perform or support a finding of abandonment of contract (*see, Staebell v Bennie*, 83 AD2d 765, 766).

We find that the IAS Court also properly granted summary judgment dismissing the causes of action seeking monetary damages for defendant's alleged delay in closing title because plaintiff failed to expressly reserve those delay claims at the closing as specifically required by section 13.06 of the parties' contract (*see, Ferran Concrete Co. v Facilities Dev. Corp.*, 61 AD2d 1061).

Nor was summary judgment in defendant's favor precluded by plaintiff's claim seeking additional compensation for waterproofing. Where, as here, tests by an independent laboratory established that, by reason of water penetration into apartments and public areas, the buildings constructed by plaintiff were not suitable for occupancy, as specifically required by section 1.04 of the parties' contract, plaintiff was therefore required to waterproof the buildings prior to closing, without entitlement to additional compensation, in order to fulfill its contractual obligation to deliver the buildings in good and tenantable condition.

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.