■ VIVIAN KLEINERMAN et al., Respondents, v 245 EAST 87 TENANTS CORP. et al., Appellants. [903 NYS2d 356]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 23, 2008, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the third and eighth causes of action as against the Tenants Corp. (the co-op) and the entire complaint as against all other defendants, unanimously modified, on the law, the motion granted to the extent of dismissing the second, third, and fourth causes of action as against the co-op and its seven board members, the seventh cause of action against defendants Orsid, Ginsberg and McKenzie, and the eighth cause of action as against all defendants, and otherwise affirmed, without costs.

The instant action by owners of shares in a cooperative apartment alleged, inter alia, breach of fiduciary duty, breach of the covenant of quiet enjoyment, breach of contract and fraud against the co-op, its assistant secretary (Ginsberg), and seven individual members of the board. Other causes of action were alleged against the co-op's superintendent (McKenzie), the co-op's managing agent (Orsid), and Ginsberg in his capacity as an employee of that agent. The complaint alleged that plaintiffs were directed to stop work on renovations to their apartment

that were already approved by the co-op board and the New York City Buildings Department. Plaintiffs alleged the board's stop-work order, predicated supposedly on undertaking unapproved alterations, constituted retaliation for plaintiffs' unwillingness to acquiesce to the superintendent's extortionate demands.

Plaintiffs sufficiently alleged a cause of action for breach of fiduciary duty against the co-op, board, its officer and individual board members, with assertions that indicated actual knowledge of their superintendent's purported extortionate demands from plaintiffs, and substantially assisting those demands by issuing the stop-work order once plaintiffs discontinued payments to the superintendent. Such claim sufficiently alleges the requisite independent tortious conduct on the part of the co-op, its officers and individual board members to preclude dismissal of the breach of fiduciary duty claim against them (*Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665 [1993]).

Dismissal of the claims in the second (breach of covenant of quiet enjoyment) and fourth (breach of contract) causes of action as against the co-op's officer and seven board members is warranted because plaintiffs offer no opposition, and because these defendants were not parties to the proprietary lease in question. That being the case, Supreme Court should also have dismissed the fraud claim (third cause of action) because it arises out of the facts and circumstances identical to the action for breach of contract (*Spellman v Columbia Manicure Mfg. Co.*, 111 AD2d 320, 322-324 [1985]). And since we are dismissing the fraud claim, the seventh cause of action for aiding and abetting a fraud, against defendants Orsid, Ginsberg and Mc-Kenzie, should also be dismissed.

Dismissal of the eighth cause of action (prima facie tort) as against all defendants is warranted because the allegations do not establish that defendants' purportedly tortious conduct was motivated by an otherwise lawful act performed with the intent to injure or with a "disinterested malevolence" (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]). Plaintiffs themselves maintained that defendants' superintendent had engaged in tortious conduct to extort money from them for purposes of financial gain.

The argument for dismissal of the sixth cause of action (aiding and abetting a breach of fiduciary duty) is unavailing as the allegations against the management defendants adequately assert actual knowledge that they were substantially assisting the primary wrongdoer's misconduct (i.e., including the superintendent's alleged extortion of money from plaintiffs) (*see generally*

*Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 463-464 [2007]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.