PALMETTO PARTNERS, L.P., et al., Respondents, v AJW QUALIFIED PARTNERS, LLC, et al., Appellants. [921 NYS2d 260]—

In an action to recover damages for anticipatory repudiation of contract, breach of fiduciary duty, and aiding and abetting the breach of a fiduciary duty, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 11, 2009, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and (2) an order of the same court entered February 2, 2010, which denied their motion for leave to reargue their motion to dismiss the complaint.

Ordered that the appeal from the order entered February 2, 2010, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order entered September 11, 2009, is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs alleged that the defendant AJW Qualified Partners, LLC (hereinafter the Fund), is a private investment company open to a select group of investors meeting certain financial qualifications. The Fund allegedly was designed to achieve capital appreciation for its members through trading and investing in public and private securities. The Fund is managed by the defendant AJW Manager, LLC (hereinafter the Manager), which, in turn, is solely managed by nonparty N.I.R. Group, LLC, which, in turn, is solely managed by the defendant Corey S. Ribotsky. The plaintiffs are investors in the Fund who sought to withdraw the entirety of their invested capital.

Pursuant to the terms of the Fund's Amended and Restated Limited Liability Company Operating Agreement (hereinafter the Operating Agreement), withdrawals were permitted once per calendar quarter, and withdrawal requests were to be made on 120 days written notice. Any investor desiring to make a complete withdrawal from the Fund was subject to a 30-day waiting period following the applicable quarterly withdrawal date, at which time the investor would be entitled to a return of 90% of invested capital, with the remaining balance to be paid "as soon as practicable." On September 22, 2008, the plaintiffs

allegedly notified the Fund in writing of their desire to make a complete withdrawal of their respective investments. Thus, March 31, 2009, was the applicable quarterly withdrawal date, and April 30, 2009, was the applicable deadline for the return of 90% of the plaintiffs' invested capital in the Fund. By letter dated October 16, 2008, the Fund notified its investors that the payment of withdrawals was immediately suspended for the "foreseeable future."

By summons and verified complaint dated March 26, 2009, the plaintiffs commenced this action against the defendants, alleging that the Fund anticipatorily repudiated the Operating Agreement by suspending withdrawals for reasons other than those permitted by the terms of the Operating Agreement, that the Manager breached a fiduciary duty owed to them by improperly suspending withdrawals and refusing to honor their demand for an examination of certain books and records, and that Ribotsky aided and abetted the Manager's breach of fiduciary duty by virtue of his control over the Manager. On appeal, the defendants contend that the Supreme Court erred in denying their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). We modify the order and grant that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

On a motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1), "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Put differently, the documentary evidence must "resolv[e] all factual issues as a matter of law and conclusively dispose[ ] of the plaintiff's claim" (*Paramount Transp. Sys., Inc. v Lasertone Corp.*, 76 AD3d 519, 520 [2010]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 88).

The elements of a cause of action to recover damages for breach of contract are (1) the existence of a contact, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]; *Furia v Furia*, 116 AD2d 694, 695 [1986]). Typically, "a contract is not breached until the time set for performance has expired" (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 265 [1995]). However, under the doctrine of anticipatory repudiation, where one party repudiates its contractual obligations "prior to the time designated for performance," the nonrepudi-

ating party may immediately claim damages for total breach and be absolved from its obligations of future performance (*Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463 [1977]; *see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462-463 [1998]; *American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]). In order to sustain a cause of action sounding in anticipatory repudiation separate and distinct from a cause of action sounding in breach of contract, "there must be [among other things] some express and absolute refusal to perform, or some voluntary act on the part of the individual which renders it impossible for him [or her] to perform" (*Ga Nun v Palmer*, 202 NY 483, 489 [1911]; *see Jacobs Private Equity, LLC v 450 Park LLC*, 22 AD3d 347 [2005]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d at 266-267). "[T]he announcement of an intention not to perform [must be] positive and unequivocal" (*Tenavision, Inc. v Neuman*, 45 NY2d 145, 150 [1978]; *see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d at 463; *R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 895 [2008]; *Engelhardt v McGinnis*, 2 AD3d 572, 573 [2003]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d at 266-267).

Here, contrary to the plaintiffs' contention, the letter dated October 16, 2008, which suspended withdrawals, did not constitute an anticipatory repudiation of the Operating Agreement. Rather, the letter simply notified investors that, in light of market conditions and liquidity concerns, investor withdrawals were being suspended for the foreseeable future and, thus, the letter was not an unequivocal expression by the Fund of an intent to forgo its obligation to make a payment on the plaintiffs' redemption request by the April 30, 2009, deadline, as required by the Operating Agreement (*see R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d at 895; *HRL Union Ave. Corp. v New York City Hous. Auth.*, 223 AD2d 486, 487 [1996]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d at 266-267). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action to recover damages from the Fund for anticipatory repudiation of contract.

Furthermore, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC*, 74 AD3d 1167 [2010]; *Fitzpatrick House III, LLC v Neighborhood Youth*

& *Family Servs.*, 55 AD3d 664 [2008]; *Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b) (*see Chiu v Man Choi Chiu*, 71 AD3d 621, 623 [2010]; *Tsutsui v Barasch*, 67 AD3d 896, 898 [2009]; *Daly v Kochanowicz*, 67 AD3d 78, 95 [2009]; *DeRaffele v 210-220-230 Owners Corp.*, 33 AD3d 752 [2006]; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877, 879 [2006]; *Rasmussen v A.C.T. Envtl. Servs.*, 292 AD2d 710, 712 [2002]).

Here, for purposes of determining the defendants' motion, we accept the plaintiffs' allegations that the Manager owed them a fiduciary duty (*see* Limited Liability Company Law § 409 [a]; *Birnbaum v Birnbaum*, 73 NY2d 461, 465-466 [1989]; *Cottone v Selective Surfaces, Inc.*, 68 AD3d 1038, 1039 [2009]; *Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 578 [2008]; *Salm v Feldstein*, 20 AD3d 469 [2005]; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]), and that the Manager's discretionary authority to invest the plaintiffs' capital contributions and suspend withdrawals from the Fund gave rise to a fiduciary relationship (*see Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 463 [2007]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 630 [2006]; *Guerrand-Hermès v Morgan & Co.*, 2 AD3d 235, 237 [2003]; *Rasmussen v A.C.T. Envtl. Servs.*, 292 AD2d at 712). However, because the Fund's October 16, 2008, letter notifying investors that withdrawals were suspended for the foreseeable future conclusively establishes that the Fund did not unequivocally evince an intent to forgo its obligation to make a payment on the plaintiffs' redemption request by the April 30, 2009, deadline, as required by the Operating Agreement, and the plaintiffs commenced this action approximately 35 days prior to the date on which the Fund was allegedly required to satisfy their redemption request, the documentary evidence conclusively establishes that the plaintiffs suffered no damages from any breach of fiduciary duty (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 88; *Paramount Transp. Sys., Inc. v Lasertone Corp.*, 76 AD3d 519 [2010]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action asserted against the Manager to recover damages for breach of fiduciary duty.

As to the plaintiffs' third cause of action, " '[a] claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach' " (*AHA*

*Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008], quoting *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). "A person knowingly participates in a breach of fiduciary duty only when he or she provides substantial assistance to the primary violator" (*Kaufman v Cohen*, 307 AD2d at 126 [internal quotation marks omitted]). As the cause of action to recover damages for breach of fiduciary duty must be dismissed in light of the October 16, 2008, letter (*see* CPLR 3211 [a] [1]), it follows that the cause of action sounding in aiding and abetting in the breach of a fiduciary duty must also be dismissed (*see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1137-1138 [2010]; *Roni LLC v Arfa*, 72 AD3d 413, 413-414 [2010], *affd* 15 NY3d 826 [2010]; *cf. Kleinerman v 245 E. 87 Tenants Corp.*, 74 AD3d 448, 449 [2010]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third cause of action to recover damages for aiding and abetting the breach of a fiduciary duty.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.