■ BRIAN T. BURRY et al., Appellants-Respondents, v MADISON PARK OWNER LLC, Respondent-Appellant. [924 NYS2d 77]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 14, 2010, which, to the extent appealed, granted defendant's motion to dismiss the fourth cause of action, for breach of fiduciary duty, pursuant to CPLR 3016 (b) and 3211 (a) (7), and denied defendant's motion to dismiss the first cause of action, for breach of contract, pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs.

To state a claim for breach of fiduciary duty, plaintiffs must

allege that (1) defendant owed them a fiduciary duty, (2) defendant committed misconduct, and (3) they suffered damages caused by that misconduct (*see RNK Capital LLC v Natsource LLC*, 76 AD3d 840, 841-842 [2010], *lv denied* 16 NY3d 709 [2011]; *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; NY PJI 3:59, Comment). At least two essential elements have not been sufficiently pleaded. Plaintiffs have not cited any authority for imposing a fiduciary duty upon defendant, a condominium sponsor, for the benefit of plaintiffs, potential unit purchasers. In addition, plaintiffs' allegations of "misconduct" on the part of defendant are in essence claims of fraud that have not been pleaded with particularity (*see* CPLR 3016 [b]).

Supreme Court properly determined that defendant failed to meet its burden as the movant on its motion to dismiss the first cause of action, for breach of contract, pursuant to CPLR 3211 (a) (1), because the very documentary evidence upon which defendant's motion is premised undermines its entitlement to dismissal. There is no fair construction of paragraph 14 of the purchase agreements that would limit the circumstances under which plaintiffs could seek cancellation. Defendant's argument that paragraph 14 creates a condition precedent to plaintiffs' election of the remedy of cancellation is untenable and wholly unsupported by its plain language.

We have considered the remaining arguments and find them unpersuasive. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.