■ VICTOR K. KIAM III et al., Appellants, v PARK & 66TH CORPORATION, Respondents. [929 NYS2d 240]—

Plaintiffs, who are shareholders in defendant cooperative corporation (the co-op), assert various claims in this action against the co-op and a member of its board in connection with conduct relating to plaintiffs' interests in a sunroom appurtenant to their penthouse apartment. Before the instant motion for summary judgment was made, a bifurcated nonjury trial was held concerning plaintiffs' entitlement to a declaratory judgment that they have the right to maintain and sell the sunroom as part of their penthouse apartment. The trial court found that, although plaintiffs were unable to produce any written consent by the co-op to the construction of the sunroom, the co-op's board had approved the initial construction of the sunroom in 1968 and plaintiffs were entitled to its use. The trial court further found that the co-op had waived any right it had to seek the sunroom's removal. On a prior appeal, we upheld these findings of the trial court (66 AD3d 415 [2009]).

At issue on this appeal are plaintiffs' causes of action for tortious interference with prospective economic advantage, breach of fiduciary duty, and negligence. These claims relate to a deal plaintiffs negotiated to sell their apartment, from which the prospective purchasers withdrew when the dispute concerning the sunroom came to light. The motion court granted defendants summary judgment dismissing these claims. On plaintiffs' appeal, we affirm.

Given the lack of a written consent by the co-op to the construction of the sunroom (which took place many years before the instant dispute arose), the co-op's position that the sunroom was not part of plaintiffs' demise cannot, as a matter of law, be said to have been a misrepresentation made in bad faith or with reckless disregard for the truth. Accordingly, the record establishes that the co-op's conduct did not constitute the independent tort either of slander of title (*see Vollbrecht v Jacobson*, 40 AD3d 1243, 1247 [2007]) or of breach of fiduciary duty (*cf. Kleinerman v 245 E. 87 Tenants Corp.*, 74 AD3d 448, 449 [2010]), and therefore the "wrongful means" element of a claim for tortious interference with a prospective economic advantage was not satisfied (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]). Plaintiffs' claims of bad faith and recklessness are further negated by the e-mail written by one plaintiff

about the co-op's efforts to raise the apartment's share allocation and maintenance, in which he stated: "I have spoken to my attorney and we may be able to fight this but I am inclined not to . . . it is not clear we are going to win." Moreover, the record contains no competent evidence to support plaintiffs' allegation that the co-op demanded a payment from the prospective purchasers as the price of maintaining the sunroom as part of the demise. Finally, plaintiffs' cause of action for negligence was properly dismissed in the absence of a duty independent of the contract governing the parties' relationship (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.