Long Island Horse Properties, Inc. and Wendy Butler, Respondents, 
against
Richard Fleischman, Appellant.
Law Offices of Kristin N. Moro, P.C., Kristin N. Moro, Esq., 
for appellant.
Long Island Horse Properties, Inc., and Wendy Butler, 
respondents pro se.

Appeal from a judgment of the District Court of Suffolk County, Fourth District (David A. Morris, J.), entered October 9, 2014. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiffs seek to recover a brokerage commission in the principal sum of $5,000. At a nonjury trial, the evidence showed that the parties had entered into a contract which ran for a term from July 11, 2013 to January 31, 2014, pursuant to which plaintiffs agreed to represent defendant as a buyer's broker, and defendant agreed to work exclusively with plaintiffs and not to negotiate with any owner in connection with the purchase of residential real property. In the event that defendant entered into a contract to purchase residential real property in Nassau County or Suffolk County during the term of the contract, plaintiffs were to be paid a commission of 2% of the purchase price if the property were listed with a real estate broker, and 2.5% of the purchase price if the property were not so listed. The contract further provided, in pertinent part, that, in the event defendant entered into a contract to purchase residential real property in either Nassau or Suffolk counties within 120 days after the expiration of the term of the contract, plaintiffs would be entitledto the same commission if they [*2]had "first introduced" defendant to such property. The contract further provided that, "Neither party may waive any of its rights or any obligation of the other party or any provision of this Agreement except by an instrument in writing signed by that party."
At the time the parties entered into their contract, defendant was boarding horses at 252 Allwood Avenue, Central Islip, New York (the premises). Plaintiff Wendy Butler, who worked as a licensed real estate broker for plaintiff Long Island Horse Properties, Inc., testified that, after plaintiffs had entered into the contract with defendant, she had informed defendant that she believed the premises would be offered for sale at some time in the future, and told him of its sales history and the price she believed the owners would accept for the property. Butler showed defendant a number of properties, and offered to show him others. On July 26, 2013, defendant sent Butler an email, in which he informed her of his intention "to put the project on hold," and that she should "consider our contract cancelled at this point while we work out our next steps." Defendant testified that, in November or December 2013, he had commenced direct negotiations with the owner of the premises, and that, on February 26, 2014, he had signed a contract to purchase the premises. Defendant subsequently closed on the purchase, but refused to pay plaintiffs a commission. Following the trial, the District Court awarded judgment to plaintiffs in the principal sum of $5,000, the monetary jurisdictional limit of the court, finding that defendant's email had not been effective to cancel the parties' contract and that defendant was liable to plaintiffs for a commission.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Defendant's unilateral attempt to cancel the parties' contract was ineffective. Defendant's email, however, constituted a positive and unequivocal repudiation of the parties' contract (see Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 463-468 [1977]; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806-807 [2011]), as a result of which plaintiffs were entitled to damages (see Children of Am. [Cortlandt Manor], LLC v Pike Plaza Assoc., LLC, 113 AD3d 583, 584 [2014]). The District Court's finding that defendant acted in bad faith in attempting to terminate his contractual relationship with plaintiffs, in an effort to avoid the payment of a commission, was supported by the evidence and justified an award to plaintiffs (see Lansco Corp. v Strike Holdings LLC, 135 AD3d 445, 446 [2016]). We note that defendant's remaining contention lacks merit. Consequently, the judgment in favor of plaintiffs rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
Iannacci, J.P., Tolbert and Brands, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017