Max v ALP, Inc. (2022 NY Slip Op 01969)





Max v ALP, Inc.


2022 NY Slip Op 01969


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 650618/19 Appeal No. 15461 Case No. 2021-02747 

[*1]Adam Max, on Behalf of Himself and Derivatively on Behalf of ALP, Inc., et al., Plaintiffs-Appellants,
v
ALP, Inc. et al., Defendants-Respondents, Michael Anderson, Defendant. Lawrence Flynn, Nonparty Respondent.


Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Jolene LaVigne-Albert of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 14, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff Adam Max, a shareholder and director of ALP, Inc., commenced this action against his sister Libra Max, also a shareholder and director, and against the third director of ALP, defendant Michael Anderson. ALP was incorporated by iconic artist Peter Max. Adam Max and Libra Max are his children. Adam Max was the chair of ALP until 2018, when defendants replaced him with Libra Max and this litigation ensued. 
In the amended complaint, plaintiffs assert personal and derivative causes of action for (1) breach of fiduciary duty; (2) appointment of a receiver pursuant to CPLR 6401(a) and Business Corporation Law § 1202(3); (3) declaratory judgment voiding a December 10, 2018 board meeting pursuant to Business Corporation Law § 619; (4) attorneys' fees pursuant to Business Corporation Law § 626; (5) removal of defendants as directors and officers pursuant to Business Corporation Law §§ 706(d) and 716(c); (6) an accounting; and (7) breach of the duties of diligence, care, and skill. ALP is named as both a plaintiff and a nominal defendant on plaintiffs' derivative causes of action. 
The motion court properly dismissed plaintiffs' causes of action alleging breach of fiduciary duty and negligence. The law is well settled that the business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 360 [2005] [quoting Auerbach v Bennett, 47 NY2d 619, 629 [1979]). While plaintiffs might disagree with decisions of ALP's Board of Directors, a cause of action will not lie where, as here, the complaint "merely alleges that a course of action other than that pursued by the board of directors would have been more advantageous" (Amfesco Indus. Inc. v Greenblatt, 172 AD2d 261, 264 [1st Dept 1991]). The amended complaint's conclusory allegations are therefore insufficient to overcome the "powerful presumptions of the business judgment rule" (Kimeldorf v First Union Real Estate Equity & Mtge. Invs., 309 AD2d 151, 155 [1st Dept 2003], quoting Wilson v Tully, 243 AD2d 229, 232 [1st Dept 1998] [internal quotations omitted]). 
Plaintiffs' claims asserted against defendants in their capacity as directors are also barred by the exculpation clause in ALP's certificate of incorporation. In New York, a shareholder's right to bring a derivative action against directors for breach of duty is expressly subject "to any provision of the certificate of incorporation" authorized by Business Corporation Law § 402(b) (Business Corporation Law § 720[a][1]). Plaintiffs' attempts to plead around the exculpatory language are conclusory, and insufficient to overcome the protections in the company's governing [*2]documents (see Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw, 2016 NY Slip Op 32654[U] [Sup Ct, NY County 2016], affd 158 AD3d 494 [1st Dept 2018]). 
Plaintiffs' arguments that the amended complaint alleged bad faith as to the attorneys' fees that Libra Max allegedly recouped from ALP are also insufficient. Plaintiff's allegations concerning legal fees are conclusory assertions of corporate waste that do not sufficiently plead bad faith. Further, while plaintiffs allege that Libra Max conspired with her father's former wife to provide false information to a New York Times reporter, they do not specifically state the contents of the allegedly false information, and have otherwise failed to allege this claim with sufficient particularity (CPLR 3016[b]; see Burry v Madison Park Owner LLC, 84 AD3d 699, 700 [1st Dept 2011]). 
Plaintiffs' collateral claims for an accounting, attorneys' fees, and for the removal of defendants as directors and officers fail because the underlying claims are not viable.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022