**Board of Mgrs. of the 243 W. 98 Condominium v Goldberg**

2024 NY Slip Op 33052(U)

August 29, 2024

Supreme Court, New York County

Docket Number: Index No. 155924/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

-----------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 243 WEST 98
CONDOMINIUM,

               Plaintiff,

- v -

JULIE GOLDBERG, JOHN DOE,

               Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 47 |
| INDEX NO. | 155924/2020 |
| MOTION DATE | 02/15/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216

were read on this motion to/for           JUDGMENT - SUMMARY     .

In this foreclosure action on a lien for common charges, plaintiff Board of Managers of the 243 West 98 Condominium (the Board) moves for summary judgment in its favor on all three of its causes of action and dismissing defendant Julie Goldberg's counterclaims; appointment of a referee to compute the amount due to plaintiff and examine whether the unit can be sold in one parcel; and to strike "John Doe #1 to John Doe #20" from the caption (NYSCEF Doc No 174).

## BACKGROUND

Plaintiff governs the condominium located at 243 West 98th Street, New York, NY 10025 (the condominium) (NYSCEF Doc No 1 ¶ 1). Defendant is the owner of unit 7E (the unit) (NYSCEF Doc No 2), which she rents to a tenant (NYSCEF Doc No 1 ¶¶ 4-5). Pursuant to the condominium's by-laws (NYSCEF Doc No 63, By-Laws), all unit owners are obligated to pay common charges as assessed by the Board. A unit owner's failure to pay common charges entitles the Board to a lien on that unit and to recover from the defaulting unit owner "all costs

[* 1]

and expenses paid or incurred by [the Board] in connection with collecting such aforementioned lien, including[] reasonable attorneys' fees" (*id.* §§ 6.2(A), 6.4(B)).

According to the president of the Board, Elizabeth Leahy, starting in March 2018, a radiator in defendant's unit began to leak, causing water damage to the apartments below (NYSCEF Doc No 195 ¶ 3). When defendant failed to remedy the issue, plaintiff hired contractors to repair the radiator and the damage caused to the other affected units (*id.*). When the repair charges appeared on defendant's common charge account in February 2020, she refused to pay them and stopped paying other monthly charges (*id.* at ¶ 4). On May 19, 2020, plaintiff filed a lien of common charges in the amount of $6,692.34 (NYSCEF Doc No 4).

Plaintiff asserts three causes of action: (1) foreclosure on the lien, (2) breach of contract, and (3) an award of attorneys' fees (NYSCEF Doc No 1). Defendant asserts twenty-three affirmative defenses and eleven counterclaims for: (1) breach of fiduciary duty, (2) an accounting, (3) books and records, (4) negligence, (5) fraud, (6) violation of the Fair Credit Reporting Act (FCRA) § 1681, (7) slander of title, (8) defamation, (9) trespassory interference to right of exclusive use and possession, (10) private nuisance, and (11) an injunction prohibiting defendant from foreclosing and selling the property (NYSCEF Doc No 42).

## DISCUSSION

<u>Summary Judgment</u>

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

**Page 2 of 10**

papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

i.       *Foreclosure on Lien*

The Condominium Act "authorize[s] a lien for unpaid common charges and permit[s] a lien foreclosure action . . .  where appropriate" (*Heywood Condominium v Wozencraft*, 148 AD3d 38, 40-41 [1st Dept 2017]; Real Property Law (RPL) § 339-z ["The board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon"]; RPL § 339-aa ["Such lien may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners"]). On a motion for summary judgment to foreclose on a lien for common charges, a plaintiff must establish its "prima facie case of nonpayment" of such charges, which a defendant may rebut by

**155924/2020  BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**                    **Page 3 of 10**
  **Motion No.  007**

3 of 10

"proffer[ing] evidence sufficient to raise a triable issue that payments of common charges had in fact been made or tendered" (*Board of Managers of Windridge Condos. One v Horn*, 234 AD2d 249, 249 [2nd Dept 1996]).

Here, plaintiff has met its prima facie burden by submitting an arrears statement demonstrating that defendant has outstanding common charges (NYSCEF Doc No 3) and a notice of lien based on defendant's failure to pay them (NYSCEF Doc No 4). In her opposing brief, defendant asserts that "there exists a contested issue of material fact as to whether or not the defendant was actually in arrears" but she fails to support that argument with any evidence (NYSCEF Doc No 205, p. 5 [section deleted after "As set forth in the accompanying affidavit"]). Defendant submits bills she received and scans of checks she purportedly sent (NYSCEF Doc No 208) but does not provide a bank statement indicating the amounts withdrawn from her account. Rather, defendant asserts that plaintiff's motion "must be denied because the most significant amount of funds [now] claimed to be due and owing are legal fees which are unreasonable, excessive and to which plaintiff also seeks late fees thereupon" (*id.*; NYSCEF Doc No 196 [indicating defendant owes plaintiff $126,502.48, including $47,871.81 in legal fees, as of February 2024]). Regardless of the propriety of any charges after the lien was issued, defendant failed to refute the showing of unpaid common charges upon which plaintiff filed a lien. Accordingly, summary judgment will be granted in plaintiff's favor on its first cause of action to foreclose on its lien.

ii.      *Breach of Contract*

A condominium's by-laws "constitute a binding contract" between the condominium and its unit owners (*Avenue A Assoc. LP v Board of Mgrs. of the Hearth House Condominium*, 190 AD3d 473, 474 [1st Dept 2021]). Plaintiff met its prima facie burden establishing such a breach

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

**Page 4 of 10**

4 of 10

[* 4]

by demonstrating that: pursuant to the condominium's by-laws, defendant had an obligation to pay common charges, assessments, and other charges to the Board (By-Laws § 6.2(A)); and as indicated by the arrears report, defendant breached that duty (NYSCEF Doc No 196). Defendant fails to address this cause of action (NYSCEF Doc No 205) or to raise an issue of fact for the same reasons noted *supra*. Accordingly, summary judgment will be granted in plaintiff's favor on its second cause of action for breach of contract.

### iii.      Attorneys' Fees

Pursuant to the condominium's by-laws, a unit owner's failure to pay common charges entitles the Board to issue a lien and recover "all costs and expenses paid or incurred [] in connection with collecting such aforementioned lien, including[] reasonable attorneys' fees" (*id.* §§ 6.2(A), 6.4(B)). While defendant disputes the amounts charged as excessive and unreasonable, it is uncontested that plaintiff is entitled to attorneys' fees when collecting on a common charges lien (and, as noted *supra*, defendant failed to demonstrate that the lien was improper when it was issued). Accordingly, summary judgment will be granted in plaintiff's favor on the issue of liability on its third cause of action for attorneys' fees.

Defendant's Counterclaims

### i.      First Counterclaim: Breach of Fiduciary Duty

"To state a claim for breach of fiduciary duty, [defendant] must allege that (1) [plaintiff] owed [her] a fiduciary duty, (2) [plaintiff] committed misconduct, and (3) [defendant] suffered damages caused by that misconduct" (*Burry v Madison Park Owner LLC*, 84 AD3d 699, 699-700, 924 NYS2d 77 [1st Dept 2011]). Such claims are subject to a heightened pleading standard (*Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2nd Dept 2011]

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**                **Page 5 of 10**
  **Motion No.  007**

5 of 10

["A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b)"]).

Here, the Board "did owe [defendant] a fiduciary duty after [s]he bought the unit" (*Odell v 704 Broadway Condo.*, 284 AD2d 52, 59 [1st Dept 2001]; *Desernio v Ardelean*, 188 AD3d 992, 993 [2nd Dept 2020] ["As a general matter, [the condo] owes a fiduciary duty to condominium unit owners when it is engaged in the business of management of the condominium"]; *Board of Managers v Fairway at N. Hills*, 193 AD2d 322, 325 [2nd Dept 1993] ["The Board is by definition in a 'fiduciary' relationship with the unit owners"]). However, defendant failed to establish that the Board committed misconduct. Defendant alleges that the Board breached its fiduciary duties to the unit owners "by mismanaging the finances of the Condominium, by engaging in waste of the Condominium's assets, by deliberately failing to comply with the By-laws [and State laws], by blocking legitimate investigations by unit owners of Board misconduct, and by engaging in other conduct detrimental to the business of the Condominium" (NYSCEF Doc No 42 ¶ 62), yet she offers no basis or supporting evidence for such allegations (NYSCEF Doc No 205 [only asserting that the Board is "using the condominium fees and assessment fees paid for other purposes"]). Especially considering the heightened pleading standard for claims of breach of fiduciary duty (*Palmetto Partners, L.P.*, 83 AD3d at 808) and that bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders*, 46 NY2d at 231), the foregoing is insufficient. Accordingly, defendant's first counterclaim for breach of fiduciary duty will be dismissed.

ii.      *Second Counterclaim: Demand for an Accounting*

To state a claim for an accounting, defendant must allege that "in connection with [the] fiduciary relationship, [she] sought, and [the Board] denied, demands for an accounting"

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

**Page 6 of 10**

6 of 10

[* 6]

(*Atlantis Mgmt. Grp. II LLC v Nabe*, 177 A.D.3d 542, 543 [1st Dept 2019]). Defendant alleges that she made "an informal and less than eloquent request for an accounting" (NYSCEF Doc No 205). In support, she submits an email chain between herself and members of the Board, but the emails exchanged do not reflect any such request, even an informal one (NYSCEF Doc No 209). Accordingly, defendant's second counterclaim will be dismissed.

### iii. All Remaining Counterclaims

Defendant's opposing brief fails to address plaintiff's arguments for the dismissal of her counterclaims for: an inspection of books and records (third), negligence (fourth), fraud (fifth), violation of the FCRA (sixth), slander of title (seventh), defamation (eighth), trespassory interference (ninth), private nuisance (tenth), or an injunction (eleventh) (NYSCEF Doc No 205). Accordingly, those counterclaims will be deemed abandoned and will be dismissed (*Kronick v L.P. Thebault Co., Inc.*, 70 AD3d 648, 649 [2nd Dept 2010] [non-movant "abandoned [the] claim by failing to oppose the branch of the [opposing party's] motion which was to dismiss it"]).

Special Referee

Having determined that plaintiff is entitled to foreclose on its lien and that defendant is liable for outstanding common charges, assessments, and reasonable attorneys' fees, the only remaining dispute is the amount owed to plaintiff. Accordingly, the part of plaintiff's motion seeking the appointment of a special referee to determine the issue of damages will be granted.

Caption

The part of plaintiff's motion seeking to strike the names of "John Doe #1 to John Doe #20" is unopposed and will be granted.

## CONCLUSION

Based on the foregoing, it is

**155924/2020  BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

Page 7 of 10

7 of 10

ORDERED that the part of plaintiff's motion seeking summary judgment in its favor on its causes of action for foreclosure on the lien for common charges, breach of contract, and attorneys' fees is granted on the issue of liability; and it is further

ORDERED that defendant's eleven counterclaims are dismissed; and it is further

ORDERED that the part of plaintiff's motion seeking to strike the names of "John Doe #1 to John Doe #20" from the caption is granted; and it is therefore

ORDERED that the caption in this matter is hereby amended as follows:

BOARD OF MANAGERS OF THE 243 WEST 98 CONDOMINIUM,

Plaintiff,

- v –

JULIE GOLDBERG,

Defendant.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

ORDERED that plaintiff shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

**Page 8 of 10**

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the issue of damages; and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that the parties shall immediately consult one another and counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that plaintiff shall serve a proposed accounting within 24 days from the date of this order and defendant shall serve objections to the proposed accounting within 20 days from service of plaintiff's papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part,

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**

**Page 9 of 10**

9 of 10

subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the hearing shall proceed from day to day until completion and the parties must arrange their schedules and those of their witnesses accordingly; and it is further

ORDERED that the parties shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.

20240829172057PG0ETZ1D58997F490544023A86145FC1B41FF96

| **8/29/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155924/2020   BOARD OF MANAGERS OF THE 243 vs. GOLDBERG, JULIE**
**Motion No.  007**                                                                                    **Page 10 of 10**

[* 10]                                                                10 of 10