■ JOSEPH J. LEV, Appellant, v CHASE MANHATTAN BANK, Respondent. [751 NYS2d 484] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 29, 2001, which, upon the prior grant of defendant's motion to set aside the jury verdict in plaintiff's favor, dismissed the complaint, unanimously affirmed, with costs.

In this action to recover for property allegedly lost from a safe deposit box by reason of defendant bank's negligence in its capacity as bailee, defendant's motion to set aside the verdict in plaintiff's favor and dismiss the complaint was properly granted. The inference of negligence drawn by the jury against defendant was not legally sustainable in view of the uncontradicted testimony of the bank's vault manager as to the security measures in place at the time of the alleged loss, the undisputed fact that plaintiff's safe deposit box could not be opened without plaintiff's key, and the absence of any evidence that the box had been forced open or damaged or that unauthorized persons had gained entrance to the bank vault area (*see Greco v First Union Natl. Bank Corp.*, 267 AD2d 278; *cf. Veihelmann v Manufacturers Safe Deposit Co.*, 303 NY 526). We note, in addition, that the verdict, in the amount of $125,000, was not sustainable in any event since plaintiff failed to establish with any certainty the amount of loss.

Plaintiff's contention that the bank vault manager's testimony should have been stricken is unavailing since plaintiff called the vault manager to testify.

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.