◼ NIRIYA KHAFIZOV, Appellant, v CHASE MANHATTAN BANK, Respondent. [878 NYS2d 791]—

In an action to recover damages for the loss of personal property, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated May 7, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against Chase Manhattan Bank (hereinafter Chase) after his personal property allegedly disappeared from the safe deposit box (hereinafter the Box) he rented from Chase. According to the complaint, the lost property consisted of approximately $160,000 worth of jewelry, $60,000 in cash, and $3,000 in coins. Chase moved for summary judgment dismissing the complaint on the ground that, in the absence of failure by the bank to exercise ordinary care, the safe deposit box lease (hereinafter the lease) between the parties excluded liability for the type of loss alleged, and there was no evidence that Chase had not exercised ordinary care. The Supreme Court granted the motion, and the plaintiff appeals.

The lease provided, inter alia, that the bank "shall have no liability for the alleged loss or damage to the contents or alleged contents of the Box due to fire, water, other mishap, robbery or burglary, provided the [bank] has exercised ordinary care." The petitioner further agreed, pursuant to the lease, "that loss . . . of . . . any part or all of the alleged contents of the Box, including 'mysterious disappearance,' shall not of itself establish, or support an inference of, failure to exercise ordinary care." The lease defines "the exercise of ordinary care" as "the implementation by [the bank] of access procedures and the use of security precautions deemed by the [bank] in its judgment to be reasonable and appropriate for the safeguard of property."

The only issue here is whether the measures taken by the bank met the standard of ordinary care required under the lease. We agree with the Supreme Court that, by submitting deposition testimony establishing that the Box could not be opened without the customer's key, together with the bank's key, that there was no sign of forced entry into the Box, and that the bank's procedures included verifying customer signatures before permitting entry into the safe deposit vault area, the defendant established, as a matter of law, that it had exercised ordinary care (*see Uribe v Merchants Bank of N.Y.,* 91 NY2d 336 [1998]; *Lev v Chase Manhattan Bank,* 300 AD2d 155 [2002]; *Greco v First Union Natl. Bank Corp.,* 267 AD2d 278 [1999]).

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.