Fernandez v Romero (2023 NY Slip Op 04655)

Fernandez v Romero

2023 NY Slip Op 04655

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01839
 (Index No. 713512/20)

[*1]Amada Rocio Fernandez, respondent, 
v
Maria Romero, et al., defendants, JP Morgan Chase Bank, N.A., appellant (and a third-party action).

Stagg Wabnik Law Group LLP, Garden City, NY (Andrew Kazin and Michelle E. Tarson of counsel), for appellant.
Guaglardi & Meliti, LLP, Chester, NY (Barry S. Guaglardi and Kristen E. Daniele of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant JP Morgan Chase Bank, N.A., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered February 8, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action sounding in negligence, gross negligence, and promissory estoppel insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant JP Morgan Chase Bank, N.A., which were for summary judgment dismissing the causes of action sounding in negligence, gross negligence, and promissory estoppel insofar as asserted against it are granted.
In November 2014, the defendant JP Morgan Chase Bank, N.A. (hereinafter JP Morgan), allowed the defendant Maria Romero access to a safe deposit box that she and the defendant Frank Fernandez leased. At the time, JP Morgan was in possession of an order to show cause with temporary restraints which restrained all safe deposit boxes in which Frank Fernandez had an interest. The order to show cause was issued in connection with an action for a divorce between Frank Fernandez and the plaintiff.
The plaintiff commenced this action, asserting causes of action sounding in negligence, gross negligence, promissory estoppel, and breach of fiduciary duty. JP Morgan moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated February 8, 2021, the Supreme Court, inter alia, denied those branches of JP Morgan's motion which were for summary judgment dismissing the causes of action sounding in negligence, gross negligence, and promissory estoppel insofar as asserted against it. JP Morgan appeals.
"To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury" (Rushton v State of New York, 189 AD3d 1488, 1489). Here, JP Morgan made a prima facie showing of its entitlement to judgment as a matter of [*2]law dismissing the causes of action sounding in negligence, gross negligence, and promissory estoppel insofar as asserted against it by demonstrating that there is no evidence that the plaintiff suffered damages as a result of JP Morgan's actions (see Lev v Chase Manhattan Bank, 300 AD2d 155). At a deposition, the plaintiff testified that she was speculating that the marital assets which were unaccounted for in the matrimonial action were located in the safe deposit box Romero accessed. In opposition, the plaintiff's circumstantial evidence was speculative and failed to raise a triable issue of fact (see Grob v Kings Realty Assoc., 4 AD3d 394). Accordingly, JP Morgan was entitled to summary judgment dismissing the causes of action sounding in negligence, gross negligence, and promissory estoppel insofar as asserted against it.
JP Morgan's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court