**Knight v HSBC Bank N.A.**

2024 NY Slip Op 31568(U)

May 2, 2024

Supreme Court, New York County

Docket Number: Index No. 159942/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

|  |  |  |  |
|---|---|---|---|
| **PRESENT:** | <u>HON. DAKOTA D. RAMSEUR</u> | **PART** | **34M** |
|  | *Justice* |  |  |

-------------------------------------------------------------------------------X

DIANE KNIGHT,

                             Plaintiff,

                         - v -

HSBC BANK N.A., WELLS FARGO BANK, N.A., WOODS OVIATT GILMAN, LLP, STUART FRAME, TRAVELERS INSURANCE GROUP HOLDINGS INC.,TRAVELERS CASUALTY AND SURETY COMPANY, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD

                            Defendants.

-------------------------------------------------------------------------------X

| INDEX NO. | 159942/2023 |
|---|---|
| **MOTION DATE** | 11/02/2023, 11/10/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 43, 44

were read on this motion to/for             <u>                   DISMISS                  </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 47, 48, 50, 51

were read on this motion to/for             <u>                   DISMISS                  </u>.

      Plaintiff, Diane Knight (plaintiff), commenced this action against defendants, HSBC Bank USA N.A. as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2004-AP3 (HSBC) and Wells Fargo Bank, N.A. (collectively, the HSBC defendants), Woods Oviatt Gilman, LLP, Stuart Frame (collectively, the Woods defendants), Travelers Insurance Group Holdings Inc., Travelers Casualty and Surety Company, and The Automobile Insurance Company of Hartford (collectively, the Travelers defendants), stemming from a mortgage foreclosure action. In motion sequence 001, the Woods defendants now move pursuant to CPLR 3211 (a)(5) and (7) to dismiss the complaint. In motion sequence 002, the HSBC defendants now move CPLR 3211(a)(1), (2), (4), and (5) to dismiss the complaint. Plaintiff opposes the motions. For the following reasons, the HSBC defendants' motion is granted, and the Woods defendants' motion is granted, in part.

## FACTUAL ALLEGATIONS

      This action stems from the foreclosure of the property located at 776 Autumn Breeze Road, Denver, New York (property). Plaintiff purchased the land at the property in 1998 and commenced building a home on the property in 2004. In 2005, plaitniff borrowed $340,000 from Metropolitan National Bank Mortgage Company LLC to complete the construction of the house. The home was eventually completed. The Plaintiff thereafter could not pay the mortgage, and

**159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL**
**Motion No.  001 002**

**Page 1 of 6**

1 of 6

HSBC commenced a foreclosure action in October 2015. Wells Fargo was the servicer for HSBC for the subject loan.

On November 12, 2015, HSBC moved for summary judgment on the complaint and the appointment of a referee in the foreclosure action. On July 23, 2016, the court granted HSBC's motion for summary judgment and to appoint a referee. Sometime after that, HSBC moved for an order appointing a substitute referee, and plaintiff cross-moved to reargue HSBC's motion for summary judgment. On May 30, 2017, the court issued a decision and order granting HSBC's motion to substitute and denying plaintiff's cross-motion to reargue.

On August 16, 2017, HSBC moved for an order ratifying and confirming the referee's report and for an order of judgment of foreclosure and sale. On January 31, 2018, the court issued a decision and order denying HSBC's motion on the basis that the referee failed to hold an evidentiary hearing confirming the amount of principal and interest owed by plaintiff. Sometime thereafter, HSBC filed a motion for an order appointing a substitute referee due to the passing of the appointed referee, which was granted pursuant to a November 23, 2018 decision and order.

On January 17, 2019, plaitniff filed an order to show cause seeking to dismiss the foreclosure action, which was denied pursuant to the April 12, 2019 decision and order.

On May 1, 2019, a referee's hearing was held wherein the appointed referee calculated the total amount due and owing of $435,742.43, and determined the property be sold as one parcel. On August 19, 2019, HSBC filed a motion for a judgment of foreclosure and sale and to vacate the prior judgment of foreclosure and sale that was inadvertently granted by the court. The motion was granted pursuant to the September 25, 2019 decision and order.

A foreclosure sale was scheduled to be held on March 13, 2020, but was canceled because the parties were negotiating a settlement agreement. On February 26, 2020, the parties entered into a stipulation, wherein plaintiff consented to the above judgment of foreclosure and sale with no contest or impediment to the proceedings and agreed not to otherwise impede the foreclosure sale of the subject premises, in exchange for a payment of $10,000. An amended judgment of foreclosure and sale was filed with the court to incorporate the new amended auction rules that arose from the COVID-19 pandemic and was granted on December 6, 2021.

A foreclosure sale was scheduled for May 11, 2022. According to plaintiff, the advertisement announcing the sale of the premises was defective in that it failed to include the phrase "and the buildings and improvements situate thereon," which plaitniff alleges is the standard language used when the property advertised for sale includes buildings and other improvements. Plaintiff alleges that defendant Stuart Frame, Esq. placed the notice of sale and refused to modify the advertisement when plaintiff informed Stuart that it was defective.

Plaintiff also alleges that when she visited the property sometime in May 2022, the property had been vandalized and damaged. Plaintiff alleges that Travelers issued a check payable jointly to plaitniff and the Travelers defendants in the amount of $28,732. Plaintiff claims that the Woods defendants failed to release the payment to plaintiff.

**159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL**
**Motion No.  001 002**

Page 2 of 6

[* 2]

On May 9, 2022, plaintiff filed for bankruptcy, halting the scheduled foreclosure sale. Plaintiff claims that since the time of the initial valuation of the property, the property values in the area have decreased. In fact, plaintniff claims that the value of the premises is now $475,000, nearly $200,000 less than when the home was advertised for sale.

In July 2023, the property was listed for sale once again, and according to plaintiff, the notice of sale did not include the language indicating that the property included buildings. A third foreclosure sale date was thereafter scheduled for August 8, 2023. On August 1, 2023, plaintiff filed an emergency order to show cause in Supreme Court, Delaware County, to halt the property sale. Plaintiff primarily argued that the foreclosure sale was defectively advertised, in that the notice of sale did not notify prospective buyers that the property included buildings and improvements. The court denied plaintiff's motion and declined to stay the sale (NYSCEF doc. no. 39). Plaintiff appealed the decision to allow the foreclosure sale to take place. The appeal remains undecided. A final foreclosure sale was held on August 8, 2023, and the property was sold to HSBC for $474.188.43. There were no other bids to buy the property.

## DISCUSSION

The HSBC defendants argue that the instant action is predicated on the alleged defective notice of sale, which they contend was already raised and decided in their favor in the foreclosure action. CPLR 3211(a)(5) provides, in relevant part, that a party may move to dismiss a cause of action on the ground that the "the cause of action may not be maintained because of . . . collateral estoppel . . . [or] res judicata . . . ".

"Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). The party seeking the benefit of the doctrine of collateral estoppel must first establish that the identical issue was necessarily decided in the prior action and is determinative in the present action, and second, that the party to be precluded had a full and fair opportunity to litigate the issue in the earlier action (*Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 23 [1st Dept 2014]; *see Ladera Partners, LLC v Goldberg*, *Scudieri & Lindenberg, P.C.*, 157 AD3d 467, 467 [1st Dept 2018] ["The court properly applied the doctrine of collateral estoppel to preclude plaintiff from alleging any injury relating to the manner in which the notice of the foreclosure sale was provided to it in the foreclosure action"]). The doctrine of res judicata provides that "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Rojas v Romanoff*, 186 AD3d 103, 108 [1st Dept 2020]).

Here, the HSBC defendants establish that plaintiff's claims in the instant action are barred by the doctrines of collateral estoppel and res judicata. Plaintiff's claims in the instant action—that the notice of sale of the property resulted in a lower sale price—was born directly from HSBC's commencement of the foreclosure action. Indeed, this precise issue was already litigated and rejected by the court in the foreclosure action, wherein plaintiff specifically argued in her August 1, 2023 order to show cause that the alleged defective notice of sale was a basis to stay the foreclosure and sale. Plaintiff's argument that the court's holding did not address

**159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL**
**Motion No.  001 002**

Page 3 of 6

whether the alleged defective notice of foreclosure sale violated RPAPL § 231 or that plaintiff could not commence a separate action based on the same facts, are immaterial as plaintiff already raised—and the court denied—the issue concerning the alleged defective notice in the foreclosure action. Indeed, plaintiff had a full and fair opportunity to litigate the foreclosure action, including whether the alleged defective notice of foreclosure sale was a basis to stay the sale. As plaintiff's claims at issue in this action were already addressed in the foreclosure action, plaintiff's claims concerning the alleged defective notice of sale against the HSBC defendants must be dismissed.

The HSBC defendants also demonstrate their entitlement to dismissal of plaintiff's claim alleging that the HSBC defendants unjustifiably refused to disburse insurance proceeds the Travelers defendants paid concerning the damage to the property.[1] "A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Buchanan v Law Offs. of Sheldon E. Green, P.C.*, 215 AD3d 790, 791 [2d Dept 2023] [internal quotation marks and citations omitted]). The HSBC defendants submit the mortgage, signed by plaintiff, which states, in sum and substance, that Wells Fargo, as the mortgagee, is entitled to use insurance proceeds, such as the Travelers defendants' payment here, to reduce the amount owed under the mortgage (NYSCEF doc. no. 15, § 5). The parties do not dispute that the amount plaintiff owed under the mortgage was in excess of the insurance proceeds payment under the mortgage, and therefore, plaintiff was not entitled to the insurance proceeds. As the HSBC defendants establish that the mortgage's plain language directly refutes the plaintiff's entitlement to the insurance proceeds, the branch of their motion to dismiss that claim is granted. The Court notes that the Woods defendants do not move to dismiss the same claim against them.

In support of their motion to dismiss the complaint for failure to state a claim, the Woods defendants argue that they did not owe plaintiff a duty of care when placing the notice of foreclosure sale. On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83. 87-88 [1994]; *see also Chapman, Spira & Carson, LLC v Helix BioPharma Corp.*, 115 AD3d 526, 527 [1st Dept 2014]).

"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Cash on Spot ATM Servs., LLC v Camia*, 144 AD3d 961, 963 [2d Dept 2016]).

Plaintiff alleges that the Woods defendants breached their duty by causing the alleged defective notice of sale to be published. And second, plaintiff alleges that the Woods defendants

---

[1] The Court notes that while the HSBC defendants did not specifically argue their entitlement to dismissal of plaintiff's claim concerning the insurance proceeds in their moving papers, plaintiff's opposition to HSBC's motion raises the issue in detail. Thus, the Court exercises its discretion to hear the HSBC defendants' arguments concerning the insurance proceeds made on reply.

**159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL**
**Motion No.  001 002**

**Page 4 of 6**

were negligent in caring for the property when it was under their management and control, resulting in damage to the property.

Here, plaitniff fails to allege a duty from the Woods defendants to plaitniff. The Woods defendants did not represent plaintiff, and there is no relationship between the Woods defendants and plaintiff. It is undisputed that HSBC retained the Woods defendants as counsel in the foreclosure action, and thus there was no fiduciary relationship with plaintiff. To the extent plaintiff alleged a claim for negligence against the Woods defendants, it would be dismissed for the identical reasons (*see e.g.*, *Fernandez v Romero*, 219 AD3d 1407, 1408 [2d Dept 2023] ["To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury"] [internal quotation marks and citations omitted]).

Instead, plaintiff argues that RPAPL § 231(2)(a) contains an implied statutory duty that required the Woods defendants to take certain care when advertising the property for sale. RPAPL § 231(2)(a) states, in relevant part, that "[n]otice of such sale shall be given by the officer making it by publishing a notice of the time and place of the sale, containing a description of the property to be sold . . . ". A plain reading of the statute does not support plaintiff's contention that the Woods defendants have a duty to plaintiff in creating the advertisement for sale of the property. Rather, the statute describes the requisites for contents of the notice of the sale, which has no bearing as to whether the Woods defendants breached a duty. As plaintiff fails to allege a duty breached by the Woods defendants, the motion to dismiss the complaint for failure to state a claim is granted.

Plaintiff's citation to *Soussi v Gobin* (87 AD3d 580 [2d Dept 2011]) and *Harakidas v City of New York* (86 AD3d 624 [2d Dept 2011]), for the proposition that defendants may be liable for common-law indemnification is inapposite, since neither of those cases address indemnification in any respect or are otherwise analogous to the facts alleged in this action. Further, the complaint fails to allege any facts that the Woods defendants' actions were "malicious," or otherwise alleged fact supporting plaintiff's request for punitive damages (*New York Univ. v Cont'l Ins. Co*., 87 NY2d 308, 315–16 [1995] ["Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as "gross" and "morally reprehensible, and of such wanton dishonesty as to imply a criminal indifference to civil obligations"] [internal quotation marks and citations omitted]).

Accordingly, it is hereby,

ORDERED that defendants HSBC Bank USA N.A. as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2004-AP3 and Wells Fargo Bank, N.A.'s motion pursuant to CPLR 3211(a)(5) is granted, and the complaint is dismissed against the aforesaid defendants; and it is further

ORDERED that defendants Woods Oviatt Gilman, LLP and Stuart Frame, Esq.'s motion to dismiss is granted to the extent that plaintiff's claims concerning the alleged defective notice of foreclosure sale are dismissed against the aforesaid defendants; and it is further

159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL
Motion No.  001 002

Page 5 of 6

5 of 6

[* 5]

ORDERED that defendants Woods Oviatt Gilman, LLP and Stuart Frame, Esq., shall serve a copy of this decision and order upon all parties, with notice of entry, within ten (10) days of entry.

This constitutes the decision and order of the Court.

20240503161330DRAMSEURBA8A89331B547C29A36AC344E7E0943

| **5/2/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DAKOTA D. RAMSEUR, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**159942/2023   KNIGHT, DIANE vs. HSBC BANK N.A. ET AL**
**Motion No.  001 002**

Page 6 of 6

6 of 6

[* 6]