Suero v Citibank, N.A.

2026 NY Slip Op 50758(U)

May 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Judgments—Summary Judgment--Grounds. Banks and Banking—Safe-Deposit Box

Dora Suero, Plaintiff-Respondent,

v

Citibank, N.A., Defendant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on May 20, 2026

571110/25

Present: James, P.J., Brigantti, Perez, JJ.

Defendant appeals an order of the Civil Court of the City of New York, Bronx County (Taisha L. Chambers, J.), dated July 28, 2025, which denied its motion for summary judgment dismissing the complaint.

[*1]

Per Curiam.

Order (Taisha L. Chambers, J.), dated July 28, 2025 reversed, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Civil Court should have granted defendant's motion for summary judgment dismissing the complaint, which was based upon allegations that her "money vanished" from a safe deposit box at defendant bank. Contrary to the conclusion reached below, defendant's motion for summary judgment did not constitute an improper successive motion for summary judgment, as defendant's prior motion was to compel arbitration and to dismiss the complaint pursuant to CPLR 3211 (a)(1) and (a)(5) (see Wynkoop v 622 President St. Owners Corp., 169 AD3d 1106, 1107 [2019]). Moreover, the instant CPLR 3212 motion is not barred by the single motion rule of CPLR 3211 (e), "which only applies to motions to dismiss and not to motions for summary judgment" (Massoumi v Ganju, 227 AD3d 504, 504 [2024], lv denied 42 NY3d 910 [2024]). "[T]here is nothing which prevents a motion for summary judgment from being made on the same ground which had earlier been advanced in a motion to dismiss" (Tapps of Nassau Supermarkets v Linden Blvd., 269 AD2d 306, 307 [2000]).

As to the merits, defendant established a prima facie entitlement to summary judgment inasmuch as plaintiff's safe-deposit lease with defendant prohibited the storage of currency and relieved defendant of liability for the loss of stored cash (see Uribe v Merchants Bank of NY, 91 NY2d 336 [1998]; Levina v Citibank, N.A., 16 AD3d 160, 160-161 2005]).

Plaintiff's affidavit in opposition asserted for the first time that she had jewelry in the box along with the currency. Even if this new claim is properly considered, it is insufficient to defeat the motion, since defendant's evidentiary submissions overcome any presumption of negligence and plaintiff failed to raise any issue of fact. Defendant established that: the box was equipped with two locks and can be opened only when the customer key is utilized with a second key maintained by the bank, there was no sign of forced entry and plaintiff was required to affix her [*2]signature every time she accessed the box (see Khafizov v Chase Manhattan Bank, 62 AD3d 838, 839 [2009]; Greco v First Union Natl. Bank Corp., 267 AD2d 278, 279 [1999]; see also Lev v Chase Manhattan Bank, 300 AD2d 155, 155 [2002], lv denied 99 NY2d 511 [2003]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 20, 2026